STATE of Iowa, Appellee,

v.

Michael Edward FARRELL, Appellant.

No. 57899.

Supreme Court of Iowa.

May 19, 1976.

Buckley & Sojka, Harlan, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Robert D. Nelson, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and HARRIS, JJ.

LeGRAND, Justice.

Defendant attacks his conviction for possession of a controlled substance (§ 204.-401(3), The Code) on the sole ground certain evidence used against him was obtained by search and seizure in violation of his constitutional rights under the Fourth Amendment to the Federal Constitution and Article I, § 8 of the Constitution of the State of Iowa.

Defendant unsuccessfully sought to have this evidence suppressed by a timely pre-trial motion. His later motion for directed verdict raised the same issue. It was also overruled. We affirm the judgment.

On the night of defendant's arrest, police officers in Audubon County had been alerted to a beer and drug party in progress in the rural area. Four officers positioned themselves at a selected spot on a highway not far from the scene of the party but not close enough to keep the house under surveillance. The evidence suggests they were gathered to discuss what, if any, action to take concerning the party. Defendant says they were there to indiscriminately stop all traffic for exploratory unconstitutional searches to find narcotic contraband.

At about 1:25 A.M. several of the officers observed defendant's vehicle travelling without lights. There is no showing the officers then knew defendant had been at the drug party, although it developed later he had.

As defendant's car approached, one of the officers backed his patrol car across the road and activated the red emergency lights to compel defendant to stop. Several officers testified defendant's car was stopped only because it was proceeding along a public highway at night without lights. One added that speed was a factor, and another gave "noisy pipes" as another reason. By the time the vehicle came to a stop, it was again displaying lights. They had been off only for a short interval as the car approached the police rendezvous.

Mr. and Mrs. Wayne Griswold were passengers in defendant's car. After stopping, defendant got out of the car, answered questions, and presented his driver's license for inspection. At the same time, another officer went to the vehicle and shined his flashlight inside. He saw two amphetamine pills, one lying on the front seat and one on the floor. These are among the drugs banned by the controlled substance statute.

The occupants of the car were ordered to alight. All three were arrested, and defendant was subjected to a pat-down search, which yielded a pouch later determined to contain marijuana.

The rules for stopping, without a warrant, a motor vehicle travelling along a public highway were recently reviewed in *State v. Cooley*, 229 N.W.2d 755, 757–759 (Iowa 1975). *See also Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 898–900 (1968); *United States v. Harris*, 8th Cir., 528 F.2d 1327, 1329–1330 (1975).

■ As *Cooley* points out, there may be an investigatory stop based on reasonable grounds to suspect "criminal activity is afoot." This is not such a case. This was rather a stop made with probable cause to arrest because defendant was driving on a public highway at night without lights in violation of §§ 321.384 and 321.415, The Code. The right to arrest defendant is beyond challenge unless we accept defendant's invitation to disregard all the State's evidence as not worthy of belief. He says the testimony of the officers was contrived to justify an otherwise indefensible search

and seizure. The trial court rejected that argument and so do we.

■ We are faced with a categorical denial of the officers' testimony by defendant and his passengers. One side or the other did not testify truthfully. We reiterate the rule that peace officers cannot conjure up a pretended basis for a stop as a subterfuge to accomplish a search for evidence. Any evidence thus obtained must be suppressed. *State v. Cooley, supra,* 229 N.W.2d at 758–759. The danger of such improper police conduct was recognized and decried in Justice Brennan's dissent in *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, 620–621 (1972).

We have examined the record and the transcript of evidence to arrive, as we must, at our own determination of the constitutional questions raised. *State v. Smith*, 217 N.W.2d 633, 634–635 (Iowa 1974). We are convinced the original stop of defendant's car—the initial intrusion—was based on probable cause to arrest him for driving at night without lights in violation of the statutes heretofore mentioned.

We accordingly hold the original stop did not violate defendant's rights under the Fourth Amendment.

■ II. Having found the stop of defendant's vehicle to have been proper, we next consider the more important question—the admissibility of the evidence seized. There are no inflexible standards as to what constitutes either a reasonable search or a reasonable seizure. Each case must be independently judged on its own facts. *State v. King*, 191 N.W.2d 650, 654 (Iowa 1971).

Two separate problems are presented. One deals with the marijuana found on defendant's person; the other is concerned with the amphetamines taken from the vehicle.

■ A search of the person is permissible as an incident to lawful arrest, even when the offense is only a minor moving traffic violation. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, 434,

436 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456, 460–461 (1973).

Two reasons are usually given to justify this rule. First, the arresting officer should be allowed to protect himself from possible violence by ascertaining if the arrestee is armed or has weapons within his immediate control. Second, such a search serves to prevent the destruction of evidence. Any evidence discovered during a valid search is admissible at a later trial, even though it has no relationship to the offense for which the arrest was made. *United States v. Robinson, supra*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d at 441; *Gustafson v. Florida, supra*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d at 460–461.

The marijuana taken from defendant was obtained as a result of a reasonable search incident to his arrest. The fact that the search occurred before a formal arrest was made does not affect the admissibility of the evidence if, at the time, probable cause to arrest existed. *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900, 904–906 (1973); *United States v. Skinner*, 412 F.2d 98, 101, 102 (8th Cir. 1969); *Reed v. United States*, 401 F.2d 756, 761 (8th Cir. 1968); *State v. Johnson*, 232 N.W.2d 477, 479 (Iowa 1975).

The trial court correctly held the marijuana admissible. The amphetamines taken from the vehicle were also admissible at defendant's trial.

When defendant alighted from his car, his two passengers remained inside. The officers were vulnerable to violence from them as well as from defendant himself. The passengers were also in a position to destroy any evidence which might be within their control in the car. Clearly, the officer was doing what is constitutionally permissible in shining his flashlight in defendant's car to assure himself no danger lay there. While thus engaged, he saw the amphetamines on the front seat and on the floor. They were then seizable under the plain view doctrine and were admissible in evidence. *State v. Cooley, supra*, 229

N.W.2d at 757; *State v. Merchandise Seized*, 225 N.W.2d 921, 925 (Iowa 1975). *See also State v. Dixon*, Iowa, 241 N.W.2d 21, filed April 14, 1976, and *State v. Donnell*, 239 N.W.2d 575, 577 (Iowa 1976).

There is one last matter to be mentioned. LSD tablets were removed from defendant's car the next morning by the police officers after they had obtained a written consent from defendant to search the vehicle. Defendant does not challenge the voluntariness of this consent. We therefore give this matter no further consideration.

The judgment is affirmed.

AFFIRMED.