In the Interest of S.A.W., A Child, S.A.W., Appellant.

No. 92–1277.

Court of Appeals of Iowa.

March 30, 1993.

**740**

Robert J. Todd, Burlington, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy Sheirbon, Asst. County Atty. for appellee State.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

On March 21, 1992, at approximately 4 a.m., police officers were dispatched to investigate a report of a possible fight in progress. As the officers approached the scene, the dispatcher indicated there had been several reports of gunshots. The officers were only two blocks away when they received the updated report. The officers turned the corner onto a narrow road near the scene and saw a car approaching. They stopped the car for investigatory purposes.

Because of reports of gunfire, the officers crouched behind their car doors, with weapons drawn and asked the driver and the passenger, S.A.W., to get out of the car and put both hands on the hood of the car. An officer did a pat down search of both the driver and S.A.W. While patting S.A.W. down, the officer noticed her purse underneath her jacket. The officer asked if there were any weapons in the purse; S.A.W. did not respond. The officer felt the purse and discovered a "heavy, semi-large medium style object" which he suspected was a gun. The officer asked S.A.W. what was in the purse and she did not respond. The officer opened the purse and discovered a gun.

On April 24, 1992, the State filed a petition alleging S.A.W. committed the delinquent act of carrying a weapon in violation of Iowa Code section 724.4. S.A.W. filed a motion to suppress all evidence seized as a result of the officer's stop and subsequent search. The juvenile court overruled the motion.

An adjudicatory hearing was held and the juvenile court found S.A.W. committed the delinquent act charged. A dispositional hearing was held. The juvenile court placed S.A.W. in her mother's home under probation.

S.A.W. appeals.

***Scope of Review***

■ In this delinquency matter involving a constitutional question, our scope of review is de novo. *In re J.D.S.*, 436 N.W.2d 342, 343 (Iowa 1989).

***Discussion***

S.A.W. contends the juvenile court erred in denying her motion to suppress evidence seized as a result of the officers' stop and subsequent search. She claims the police lacked probable cause to stop her and conduct a pat down search. She also contends the conduct of the officers was so intrusive as to be tantamount to an arrest.

We first address S.A.W.'s claim the police lacked probable cause. The Fourth Amendment is not "a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605, 613 (1985) (original emphasis). While probable cause is often thought of as the hallmark of a reasonable search, "this starting point is riddled with exceptions." *United States v. Chaidez*, 919 F.2d 1193, 1196 (7th Cir.1990).

Police officers may, consistent with the Fourth Amendment, briefly detain and "frisk" a person on less than probable cause. *Terry v. Ohio*, 392 U.S. 1, 20–27, 88 S.Ct. 1868, 1879–1883, 20 L.Ed.2d 889, 905–909 (1968). However, reasonable cause is required to permit a stop for investigating purposes. *Id.* at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906; *State v. Lamp*, 322 N.W.2d 48, 51 (Iowa 1982). When a stop is challenged on the basis that reasonable cause did not exist, the State must show the stopping officer had specific and articulable cause to support a reasonable belief that criminal activity may be afoot. *Lamp*, 322 N.W.2d at 51. Circumstances giving rise to suspicion or curiosity will not suffice. *Id.* Officers cannot use false pretenses or subterfuge as the basis for an investigatory stop. *State v. Farrell*, 242 N.W.2d 327, 329 (Iowa 1976). However, the reviewing court may evaluate the stop's validity based on "the totality of the circumstances—the whole picture." *State v. Rosenstiel*, 473 N.W.2d 59, 61 (Iowa 1991) (citations omitted).

S.A.W. argues strict compliance with the three factors set forth in *Lamp* is required to support a finding of reasonable cause. In *Lamp*, the court noted the officer satisfied the reasonable cause requirement by showing he was investigating a specific crime, was following a description of the assailant and the assailant's vehicle, and the perpetration of the crime was reasonably close in time and distance. *Lamp*, 322 N.W.2d at 51. S.A.W. claims the officers did not have a description of her, the driver, nor of the vehicle in which she was riding. She claims the officers did not act on facts directly relating to her guilt, but instead acted on circumstances which describe a very broad category of predominantly innocent persons. *See United States v. Jones*, 759 F.2d 633, 643 (8th Cir.), *cert. denied*, 474 U.S. 837, 106 S.Ct. 113, 88 L.Ed.2d 92 (1985).

We are unwilling to interpret *Lamp* to require strict compliance with each factor noted. We are inclined to follow the more expansive view recently enunciated by our supreme court:

> Seemingly innocent activities may, however, combine with other factors to give an experienced law enforcement officer reason to suspect wrongdoing.... When considering whether evidence is sufficient to justify a stop, we examine all the evidence available to an officer regardless of whether each component would furnish reasonable cause by itself.

*Rosenstiel*, 473 N.W.2d at 62 (citations omitted).

In this case, both officers testified receiving a dispatch at 4:05 a.m., indicating a possible fight in progress. When they were two blocks away from the disturbance, they received an additional dispatch indicating gunshots had been fired. Upon turning onto the street where the gunshots were allegedly fired, ten seconds after the second dispatch, the officers observed a vehicle coming towards them. The time, the close proximity to the fight and gunshots, and the vehicle's movement away from the incident constitute reasonable suspicion that criminal activity may be afoot. Accordingly, we find the juvenile court committed no error in denying S.A.W.'s motion to suppress evidence.

S.A.W. next contends the officers' conduct was so intrusive as to be tantamount to an arrest. We disagree.

> When an officer is justified in believing that the individual whose suspicious behavior [the officer] is investigating at close range is armed and presently dangerous to the officer, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is

in fact carrying a weapon and to neutralize the threat of physical harm.

*Terry*, 392 U.S. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908.

The overriding concern inherent in a *Terry* stop is officer safety. In this case, the officers were told gunshots had been fired only ten seconds prior to encountering S.A.W. fleeing the location where the gunshots were allegedly fired. Drawing their weapons and using their car doors as shields is entirely reasonable under the circumstances and, absent more, does not constitute an arrest. We find the officers' conduct permissible as a part of and consistent with the purpose of a *Terry* stop.

We affirm the juvenile court.

**AFFIRMED.**