**STATE of Iowa, Appellee,**

v.

**Clark Joseph COOK, Appellant.**

**No. 94–386.**

Supreme Court of Iowa.

April 26, 1995.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Angelina M. Smith, Asst. Atty. Gen., James J. Koll, County Atty., and Robert E. Hansen, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Defendant, Clark Joseph Cook, appeals from judgment and sentence entered upon his conviction of possession of methamphetamine, in violation of Iowa Code section 124.401(3) (1993). Defendant contends that the district court erred in denying his motion to suppress drugs he claims were found during an impermissible search. The drugs were seized after a trooper's search of the defendant incident to the trooper giving the defendant a citation for his failure to wear a safety belt, in violation of Iowa Code subsections 321.445(2) and (3). Upon our review, we conclude that the search was authorized by Iowa Code section 805.1(4), and thus affirm the district court's ruling and judgment.

I. *Background facts and proceedings.* On September 5, 1993, Iowa state patrol trooper Richard Kluender observed a blue

Oldsmobile auto northbound on highway 169. Upon noticing that neither the driver nor the front seat passenger, defendant Clark Joseph Cook, was wearing his safety belt, he pulled the car over and asked the driver for his operator's license and the defendant for some identification.

When neither the driver nor the defendant could produce any identification, trooper Kluender asked the defendant to come back to his patrol car while the officer radioed for information on the status of both men's operator's licenses. Trooper Kluender's request elicited the response that the driver was wanted on an outstanding arrest warrant and that the defendant did not have an operator's license.

At that time, another trooper radioed trooper Kluender and told him in radio code that he had participated in a prior arrest of the driver and the defendant on concealed weapons and drug charges. He also told trooper Kluender to be careful.

Feeling some concern for his safety, trooper Kluender requested assistance from any other troopers in the area. While waiting for the other troopers to arrive, trooper Kluender began writing out a citation for defendant's safety belt violation. *See* Iowa Code §§ 321.445(2), (3) & 805.1(1).

Once two other troopers had arrived at the scene, the driver was placed under arrest, handcuffed, searched and placed in one of the trooper's vehicles. While taking care of the driver, one of the other troopers informed trooper Kluender that both the driver and the defendant were members of the Sons of Silence motorcycle gang, a gang dealing in weapons, prostitution and drug trafficking, and that the defendant had previously been arrested for operating while intoxicated, second offense. *See id.* ch. 321J.

Once the driver was secured in one of the other trooper's vehicles, trooper Kluender had the defendant get out of Kluender's vehicle and "patted" the defendant down for the presence of any weapons. During the pat down, trooper Kluender felt a "hard pack of some sort, rectangular shaped, approximately three to four inches long, a couple of inches wide" in the chest pocket of defendant's clothing. Trooper Kluender testified that he could not identify the object, but the defendant told him that it was a pack of cigarettes.

Because he was not sure if the object was really a pack of cigarettes, trooper Kluender reached into the defendant's chest pocket, closed by a flap, and pulled the object out, discovering it was in fact a pack of cigarettes. However, as trooper Kluender pulled out the pack of cigarettes, a baggie containing a couple of "snow seals," containing what the trooper believed was a controlled substance, fell out with it.

Defendant was arrested on the pending drug charge and, subsequently, a department of criminal investigation report indicated that the snow seals contained methamphetamine.

A trial information was filed charging defendant with possession of methamphetamine, a serious misdemeanor, in violation of Iowa Code section 124.401(3). Defendant pled not guilty.

Defendant moved to suppress the drugs found by trooper Kluender, arguing they were obtained by an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and section 8, article I of the Iowa Constitution. The State countered that the evidence was rightfully obtained either incident to the issuance of a citation in accordance with Iowa Code section 805.1(4) or, alternatively, as the result of a proper *Terry* search. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court overruled the defendant's motion, concluding that the search fell within the exception to the search warrant requirement outlined in Iowa Code section 805.1(4).

Subsequently, a non-jury trial on stipulated facts and additional testimony was held. The trial court found the defendant guilty of possession of a controlled substance, in violation of Iowa Code section 124.401(3), and judgment and sentence were entered on the conviction.

Defendant appealed, claiming the district court erred in overruling the defendant's motion to suppress evidence.

■ II. *Scope of review.* The parties agree that because a constitutional right is involved, we are obliged to make an independent evaluation of the totality of the circumstances as shown by the entire record. *See State v. Riley,* 501 N.W.2d 487, 488 (Iowa 1993). Accordingly, in our de novo review of the propriety of the district court's ruling on defendant's motion to suppress, we may consider the evidence adduced during the suppression hearing as well as that presented at trial. *State v. Vincik,* 436 N.W.2d 350, 353 (Iowa 1989) (citations omitted).

■ III. *Case law and statute regarding lawful searches and seizures.* The Fourth Amendment to the United States Constitution[1] and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures. Searches and seizures conducted without prior approval by a judge or magistrate are per se unreasonable unless they fall within one of the exceptions to the warrant requirement. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967); *Vincik,* 436 N.W.2d at 353.

■ One of the exceptions to the warrant requirement is a search incident to arrest. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969); *State v. Garcia,* 461 N.W.2d 460, 462 (Iowa 1990), *cert. denied,* 499 U.S. 909, 111 S.Ct. 1115, 113 L.Ed.2d 223 (1991). The full search of the arrestee's person "is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *United States v. Robinson,* 414 U.S. 218, 235–36, 94 S.Ct. 467, 477, 38 L.Ed.2d 427,

440–41 (1973); *State v. Peterson,* 515 N.W.2d 23, 24–25 (Iowa 1994). Being reasonable per se, a search incident to arrest, even when the offense is only a minor traffic violation, requires no additional justification. *Gustafson v. Florida,* 414 U.S. 260, 263–66, 94 S.Ct. 488, 491–92, 38 L.Ed.2d 456, 460–61 (1973); *Robinson,* 414 U.S. at 234–36, 94 S.Ct. at 476–77, 38 L.Ed.2d at 440–41; *State v. Farrell,* 242 N.W.2d 327, 329–30 (Iowa 1976).

■ The Iowa legislature has extended this broad search incident to arrest exception. Iowa Code section 805.1(4) pertinently states: "The issuance of a citation in lieu of arrest or in lieu of continued custody does not affect the officer's authority to conduct an otherwise lawful search." In other words, Iowa Code section 805.1(4) authorizes an officer to conduct a search, of the same scope as the constitution authorizes for a search incident to a custodial arrest, contemporaneously with the officer's issuance of a citation when that officer has probable cause to make a custodial arrest but chooses instead to issue a citation. The Iowa legislature has thus created a search incident to issuance of a citation exception to the search warrant requirement.[2]

■ IV. *Legality of search of defendant.* In order to be legal, the State must prove by a preponderance of the evidence that its warrantless search meets an exception to the search warrant requirement. *State v. Eubanks,* 355 N.W.2d 57, 59 (Iowa 1984). The State contends that trooper Kluender's search of the defendant meets the search incident to citation exception authorized by the legislature in Iowa Code section

---

1. The Fourth Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment. *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

2. Defendant does not raise the issue of the constitutionality of Iowa Code section 805.1(4) on appeal. *See United States v. Robinson,* 414 U.S. 218, 237 n. 6, 94 S.Ct. 467, 477 n. 6, 38 L.Ed.2d 427, 441 n. 6 (1973) (stating that the court did not reach the question of the constitutionality of a search made by an officer who "simply issue[d] a notice of violation and allow[ed] the offender to proceed"); *see also State v. Martin,* 253 N.W.2d 404, 406 (Minn.1977) (noting Minnesota's Rule

of Criminal Procedure 6.01(4) which states that "[t]he issuance of a citation does not affect a law enforcement officer's authority to conduct an otherwise lawful search" and stating that whether an officer who "would have authority to subject the defendant to a custodial arrest but, exercising ... discretion, issue[s] a citation ... [can] still conduct a full search of the person without any independent justification for it is a matter we do not decide because the issue is not presented"). *See generally* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 5.2(h) (2d ed. 1987) (discussing the proper scope of a warrantless search conducted incident to an officer's issuance of a traffic citation).

805.1(4). The district court concluded that the State met its burden, and we agree.

Trooper Kluender observed that the defendant was not wearing his safety belt. The defendant's failure to wear his safety belt was a public offense in violation of Iowa Code subsections 321.445(2) and (3).

Trooper Kluender's observation of this public offense gave him probable cause to arrest the defendant. *See* Iowa Code § 804.7(1) (stating a peace officer may make a warrantless arrest "[f]or a public offense committed ... in the peace officer's presence"); *see also State v. Becker*, 458 N.W.2d 604, 607 (Iowa 1990) (stating a person who has committed a traffic offense is "technically subject to full custodial arrest").

In the exercise of his discretion, trooper Kluender could have made a custodial arrest of the defendant and then performed a full warrantless search incident to that arrest. *See Gustafson*, 414 U.S. at 263–66, 94 S.Ct. at 491–92, 38 L.Ed.2d at 460–61; *Robinson*, 414 U.S. at 234–36, 94 S.Ct. at 476–77, 38 L.Ed.2d at 440–41; *Farrell*, 242 N.W.2d at 329–30. Defendant conceded in oral argument that, if officer Kluender had made a custodial arrest of defendant, the search in question would have been legal.

Instead of making a custodial arrest, trooper Kluender chose to only give the defendant a citation. *See* Iowa Code § 805.1(1). However, the trooper's decision to issue the defendant a citation in lieu of a custodial arrest did not affect the trooper's right to conduct a search of the same scope as a search incident to arrest because a citation is equivalent to a custodial arrest for authority to search purposes under Iowa Code section 805.1(4). In other words, "an otherwise lawful search" authorized by section 805.1(4) includes the search Kluender conducted just as if he had arrested the defendant.

Because a search incident to a custodial arrest for a traffic offense needs no further justification, based on Iowa Code section 805.1(4) trooper Kluender's search incident to issuing the defendant a citation for a safety belt violation therefore needs no further justification. Accordingly, by showing compliance with section 805.1(4), the State has met its burden of proving its search falls within an exception to the search warrant requirement.[3]

Having reached the above conclusion, we need not discuss the *Terry* search alternative suggested by the State.

V. *Disposition.* The trial court properly overruled the defendant's motion to suppress the drugs found on the defendant's person.

The trial court's judgment of conviction is affirmed.

**AFFIRMED.**

---

**3.** Our conclusion is not affected by the fact that trooper Kluender did not formally issue the safety belt citation to the defendant until after the trooper had searched the defendant. We have previously held that "a search incident to arrest need not be made *after* a formal arrest if it is substantially contemporaneous with it, provided probable cause for the arrest existed at the time of the search." *State v. Peterson*, 515 N.W.2d 23, 25 (Iowa 1994) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645–46 (1980)). The record in this case shows that trooper Kluender had begun to write the defendant's citation before he searched the defendant and actually issued the citation after the search, making the issuance contemporaneous. Moreover, as mentioned, probable cause to arrest the defendant for the seat belt violation existed at the time of the search.