**STATE of Iowa, Appellee,**

v.

**Roosevelt SCOTT, Appellant.**

No. 99–0012.

Supreme Court of Iowa.

Nov. 16, 2000.

---

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas S. Mullin, County Attorney, and James J. Katcher, Assistant County Attorney, for appellee.

LARSON, Justice.

Roosevelt Scott was found guilty of possession of cocaine with intent to deliver as a habitual offender in violation of Iowa Code sections 124.401(1)(c)(2) and 902.8 (1997); a tax stamp violation as a habitual offender in violation of Iowa Code sections 453B.1, 453B.12, and 902.8; and keeping a vehicle for using controlled substances, in violation of Iowa Code sections 124.402(1)(e) and 124.401(2)(a). The court of appeals affirmed the possession and drug tax stamp violations but reversed the conviction for keeping a vehicle for possessing or selling controlled substances. Both Scott and the State sought further review, which we granted. We affirm the

decision of the court of appeals in part and vacate it in part, reverse the judgment of the district court, and remand.

## I. *Facts and Prior Proceedings.*

On August 4, 1998, at approximately 11:50 p.m., state trooper David Earl was driving behind Roosevelt Scott's car near Sioux City. He noticed the car's license validation sticker was partially obscured by a license plate frame. When the trooper pulled alongside the car, he noticed the windows were excessively tinted and Scott was not wearing a seat belt. He pulled the car over and informed Scott why he had stopped him. He asked Scott to leave the vehicle and accompany him to the patrol car while having the passenger, Annabell Sustaita, remain in Scott's vehicle. As they walked to the patrol car, the trooper noticed a utility knife in the rear pocket of Scott's pants, which he perceived as a potential "lethal cutting device." The trooper took the knife from Scott's pocket. In doing so, he noticed an object appearing to be a digital scale beside the utility knife in Scott's pocket. He took that out too. The trooper then patted Scott down for weapons. He found no weapons, but he did find large rolls of cash in Scott's front pockets totaling over $6000. The trooper took Scott to the patrol car. There, he removed the scale from its leather pouch, looked at it, and noticed it measured in grams instead of ounces, an indication to him it was used for drug dealing. He also noticed the weighing surface smelled like marijuana, and he found a white powder residue on the scale. The trooper asked Scott what was in Scott's vehicle and whether he would find anything. Scott told him he would not. The trooper then issued a citation for failure to properly display a validation sticker and requested permission to search the car. Scott refused. The trooper went to the passenger side of Scott's vehicle and asked Sustaita to get out. He patted her down, but found no weapons or illegal substances on her. He then proceeded to search the vehicle, finding a large black purse underneath the passenger seat. Sustaita identified it as hers. With Sustaita's permission, the trooper searched the purse and found two plastic bags containing cocaine.

Scott and Sustaita were handcuffed. A Sioux City police officer, who had come with a narcotics dog, rolled up the car's windows in order to contain any narcotics scent for the dog. As the officer was rolling up a window, his knee struck a flashlight between the seats. The mirrored portion of the flashlight fell off, revealing a large quantity of cocaine. In addition to the drugs, $6400 in cash, the utility knife, and the digital scale, the officers also seized a cellular telephone and three boxes of .44 caliber ammunition from the car's trunk.

Scott and Sustaita were charged with two counts of possession of cocaine with intent to deliver and two counts of drug tax stamp violations. Scott was also charged with keeping a vehicle for possessing or selling controlled substances. The case against Sustaita was eventually severed for separate trial and is not directly involved on this appeal.

On September 30, 1998, Scott filed a motion to suppress all evidence seized during the "warrantless search of [Scott's] vehicle by Iowa State trooper David Earl." An evidentiary hearing was held on October 28, 1998, and the district court denied Scott's motion on the basis the search was legal as a search incident to citation, based on *State v. Meyer,* 543 N.W.2d 876, 878 (Iowa 1996) (holding officers may search incident to citation without arrest).

The matter proceeded to trial. At the close of the State's case and again at the close of all evidence, Scott unsuccessfully moved for a directed verdict and judgment of acquittal. The jury found Scott guilty of one count of possessing cocaine with intent to deliver, a failure to affix drug tax stamps and keeping a vehicle for possessing or selling controlled substances.

Scott filed a motion in arrest of judgment and a motion for new trial. The new trial motion again raised the search issue, pointing out that since the hearing on the motion to suppress evidence, the statute on which *Meyer* was based was held unconstitutional as applied. *See Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) (holding search incident to citation in lieu of arrest denied defendant Fourth Amendment rights). The court denied the motion for new trial, and sentence was entered.

## II. *The Issues.*

The issues raised by the appeal are (1) whether the district court erred in admitting evidence of the acquittal of Sustaita, Scott's passenger, in a separate trial; (2) the legality of the searches; and (3) whether Scott received ineffective assistance of counsel on the charge of keeping a vehicle for possessing or selling controlled substances.

## III. *Evidence of Passenger's Acquittal.*

Sustaita was tried separately from Scott and acquitted. The State called her as a witness in Scott's trial. She testified that the drugs in the car, including those in her purse, were apparently put there by Scott because they were not hers. She was then cross-examined by Scott's lawyer, who attempted to cast doubt on her testimony that the drugs were Scott's. The gist of the cross-examination was to show that Sustaita was not being truthful. Apparently in an attempt to bolster Sustaita's credibility, the State conducted this redirect examination of her:

[PROSECUTOR]: Annabell Sustaita, you stated that you were tried by a jury on November 6; is that right?

[THE WITNESS]: Yes.

[PROSECUTOR]: What was the outcome of your trial?

MR. ROEHRICH [defense counsel]: Objection. Irrelevant, and I renew my previous objections.

THE COURT: She may answer.

THE WITNESS: What do you mean? Have I got found guilty or not guilty?

[PROSECUTOR]: Yes.

THE WITNESS: Yeah, I got found not guilty.

[PROSECUTOR]: You were charged with four counts that Mr. Scott is also charged with; is that correct?

[THE WITNESS]: Yes.

[PROSECUTOR]: Were you found not guilty on all four of those counts?

[THE WITNESS]: Yes, not guilty.

■ Scott complains that his case boiled down to his word against Sustaita's, and evidence of her acquittal could have impermissibly influenced the jury by informing it that the jury in Sustaita's case had believed her version of the events. The State responds in three ways: (1) Scott failed to preserve error by a proper objection; (2) the admission of the evidence was not error; and (3) even if it were error, it was not prejudicial.

The State contends the defendant's objection, that the outcome of Sustaita's trial was "irrelevant," was insufficient to preserve error; the objection should have been that the testimony was offered "for an impermissible purpose." The State contends the evidence of Sustaita's acquittal was offered only on the issue of her credibility. The relevancy objection, according to the State, was an insufficient objection to a question challenging credibility of a witness.

■ Generally evidence of another's conviction or acquittal is inadmissible.

Evidence of acquittal of one jointly indicted with accused is not admissible on behalf of accused as tending to establish that he also is innocent. Likewise, it is not competent on the trial of one charged with a crime to show that another, separately charged with the same offense, has been acquitted.

23 C.J.S. *Criminal Law* § 996, at 261 (1989) (footnote omitted); *see also State v. Carter*, 847 S.W.2d 941, 947 (Mo.Ct.App. 1993) ("Evidence of either the conviction or acquittal of one jointly accused with a defendant is inadmissible as substantive evidence of defendant's guilt or innocence."); *Adams v. State*, 531 S.W.2d 626, 627–28 (Tex.Crim.App.1976) (general rule is that it is not permissible to show, for any purpose, that another jointly or separately indicted for same offense has been convicted or acquitted).

If the issue is, as the State argues, one of credibility, it is suggested by one authority that a relevancy objection is not sufficient:

> Although evidence inadmissible under [Federal] Rule [of Evidence] 404(a) [character evidence] has sometimes been thought of as "irrelevant," that objection would probably lack sufficient specificity in many cases. It would therefore be better to object to the evidence on the ground that it is "improper proof of character," citing Rule 404 or 405 as the case may be.

22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5269, at 630–31 (1978) (footnotes omitted).

On the other hand, a case specifically addressing the issue raised in this case held that a codefendant's guilt or innocence is "not relevant" on the issue of the defendant's guilt or innocence, suggesting a relevancy objection would be sufficient. *See State v. Salazar*, 173 Ariz. 399, 410, 844 P.2d 566, 577 (1992).

Iowa has adopted a broad view of relevancy, which includes the concept of materiality. Iowa R. Evid. 401 (committee comment). Materiality, in turn, "ordinarily relates to the pertinence of offered evidence to the issues in dispute *or to the issue of credibility.*" *Id.* (emphasis added) (quoting *State v. Clay*, 213 N.W.2d 473, 477 (Iowa 1973)). Whatever the basis for

the State's inquiry into the prior jury verdict—to bolster the witness's credibility or the substantive evidence of the defendant's guilt—we believe the defendant's relevancy objection was sufficient to raise the issue of the inadmissibility of the evidence. The evidence of Sustaita's acquittal was erroneously admitted. *See Adams v. State*, 531 S.W.2d 626 (Tex.Crim.App.1976) (codefendant's acquittal not admissible upon the issue of the credibility of the arresting officers' testimony).

We reject the State's alternative argument that the evidence was so strong against this defendant that the introduction of evidence of Sustaita's acquittal was harmless error. The strength of the State's case depended to a large extent on whether a jury would believe Sustaita, and the evidence of Sustaita's acquittal logically could have skewed that finding.

We believe the likely impact of this evidence was so substantial its admission cannot be approved. We therefore reverse and remand for a new trial.

## IV. *The Evidence Rulings.*

We address the search issues because they will likely arise in any new trial. Scott moved to suppress the fruits of his roadside search on the ground the stop was illegal. He did not, however, argue the subsequent searches lacked probable cause. The district court ruled the initial stop was valid, based on the officer's observation of the obscured validation sticker, the seat belt violation, and the excessively dark windows. The officer had issued a citation, and according to the court, the search was valid as incident to the citation. The court cited *Meyer*, 543 N.W.2d at 878 (holding citation-based search valid under Iowa Code section 805.1(4) (1995)).[1] The district court stated:

> in lieu of continued custody does not affect

---

1. Iowa Code § 805.1(4) provides:

   The issuance of a citation in lieu of arrest or

Under Iowa law a person known to have violated a traffic law is subject to a full custodial arrest and the arresting officer has the same authority to search the vehicle incident to a citation as he would to search the vehicle incident to arrest.

This statement of the law, however, turned out not to be correct; the United States Supreme Court in *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), held a search incident to citation, without an arrest, violated the defendant's Fourth Amendment rights.

In his new-trial motion, the defendant raised the constitutionality question because by that time *Knowles v. Iowa* had been decided by the Supreme Court. The district court denied the motion for new trial, ruling that the officers acted properly in searching Scott and his car under the law as it then existed. The court aptly stated:

> There's nothing to show that the officer should have known that that law was unconstitutional. When five justices of the Iowa Supreme Court say that a law is constitutional, we can hardly expect a highway patrolman to know that the law was unconstitutional, even though some months later the United States Supreme Court unanimously said that the law was unconstitutional.

The court continued:

> In this situation not only should the officer not have been expected to question the judgment of the legislature[ ] that passed the law, but the officer should not have been expected to question the judgment of the majority of the Iowa Supreme Court, which held that the law was constitutional.

Despite the fact that *Knowles* had been decided by the time the court ruled on the motion for new trial, the court denied the motion believing a "good-faith exception"

the officer's authority to conduct an otherwise lawful search. The issuance of a citation in lieu of arrest shall be deemed an arrest for the

to the exclusionary rule should apply as recognized in *Illinois v. Krull,* 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987).

As the district court noted, the Supreme Court case of *Illinois v. Krull* is very close to the facts of the present case. In *Krull* the Supreme Court held that, if officers had relied in objectively good faith on a statute authorizing a search, the fruits of the search were admissible even though the statute was later held to be unconstitutional. After the district court ruled in this case, however, we rejected the good-faith exception under our state constitution. *State v. Cline,* 617 N.W.2d 277, 292–93 (Iowa 2000). In doing so, we declined to follow the reasoning of *Krull* and *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677, 698 (1984) (recognizing a good-faith exception in warrant case under Federal Constitution).

■ We apply the rule of *Cline* in this case even though the Iowa Constitution was not specifically mentioned in the motion to suppress. The present case illustrates one of the bases for Cline's rejection of a good-faith exception to the exclusionary rule: protecting the integrity of the judiciary. *See Cline,* 617 N.W.2d at 289–90. In the present case, that concern is particularly appropriate because a majority of this court in *Knowles* clearly influenced the course of conduct of officers, defense lawyers, and the courts themselves in cases involving searches incident to citation. A defendant who has a valid objection to such a search without probable cause or arrest should not be deprived of an opportunity to challenge the search. On the other hand, we are hesitant to characterize defense counsel as ineffective for failing to assert an argument that five members of this court had rejected. That would be grossly hypocritical.

purpose of the speedy indictment requirements of R.Cr.P. section 27, subsection 2, paragraph "*a,*" Ia. Ct. Rules 3d ed.

We hold the searches and seizures cannot be upheld on a good-faith basis, and on retrial, the defendant shall have an opportunity to challenge them.

### V. *The Conviction Under Iowa Code Section 124.402(1)(e).*

█ The court of appeals reversed Scott's conviction for keeping a vehicle for possessing or distributing controlled substances in violation of Iowa Code section 124.402(1)(e). The State did not present evidence that Scott's car was used for the "substantial purpose" of drug activity, and the court of appeals held Scott's counsel was ineffective in failing to request an instruction embodying that concept. *See State v. Westeen,* 591 N.W.2d 203, 209 (Iowa 1999) (holding that keeping and maintaining a premises for drug activity under the statute requires some continuity and that an isolated incident would be insufficient). *Id.* at 209–11. Although *Westeen* was decided after the trial of Scott's case, the court of appeals concluded his trial counsel was ineffective in failing to raise this issue in light of the decisions of other states, under similar statutes, embodying the rule adopted in *Westeen.* We agree with that holding and affirm the court of appeals reversal of the conviction under Iowa Code section 124.402(1)(e) and its order that the charge be dismissed.

In summary, we affirm the ruling of the court of appeals reversing the conviction under Iowa Code section 124.402(1)(e) and its order for dismissal of that count. We vacate the balance of the court of appeals decision and reverse the judgment of the district court. We remand for a new trial.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**