COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


DWAYNE MERCELLUS DURANT
                                            OPINION BY
v.    Record No. 1836-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            MAY 15, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Joanne F. Alper, Judge

          Mark S. Thrash for appellant.

          Thomas M. McKenna, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Dwayne Mercellus Durant (appellant) was convicted in a jury

trial of distribution of cocaine, in violation of Code

§ 18.2-248.  He contends the trial court (1) abused its

discretion by refusing his request to waive his presence at

trial; (2) erred by allowing inadmissible hearsay during the

testimony of Detective Hanula and (3) abused its discretion by

excluding the testimony of his expert witness.  For the

following reasons, we affirm appellant's conviction.

                        I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on February 17, 1998, Officer Maria Alvarez (Alvarez), while working undercover in vice and narcotics, came into contact with a person she knew only as "Fats."  "Fats" entered her vehicle, sat in the passenger seat and negotiated a sale of cocaine.  They agreed on a purchase of "four for three."  In her presence, "Fats" removed a clear plastic bag from his right jacket pocket and handed her thirty-seven ten dollar baggies of cocaine.  She gave him $300, which she watched him place in his jacket pocket.  He offered her his pager number and she wrote it down.

Alvarez's control officer, Detective Thomas Hanula (Hanula), testified he was monitoring a "wire" that recorded the meeting between "Fats" and Alvarez on February 17, 1998.  No arrest was made at the time to protect the identity of Alvarez.  On March 18, 1998, Hanula paged "Fats" using the telephone number given to Alvarez during the meeting on February 17, 1998.  With Hanula listening, the informant spoke with a person who called in response to the page.  The informant stated that he wanted to purchase a quarter of an ounce of crack cocaine and have it delivered to a hotel in Arlington.  The person stated, "I can be there in about a half an hour.  I'm in the District right now."  Hanula gave his perimeter units a physical description of "Fats" provided by Alvarez as well as a

-

description of the vehicle "Fats" used during the meeting of February 17, 1998. A vehicle and driver fitting the description provided by Alvarez was stopped. The driver was arrested. Alvarez was driven by the location of the traffic stop and positively identified the driver as "Fats." It is at that point that the police determined "Fats" to be the appellant, Dwayne Mercellus Durant.

Prior to <u>voir</u> <u>dire</u>, appellant presented a "Written Waiver of Presence at Trial." The Commonwealth objected to his proposed absence because identity was an issue to be determined. After argument from appellant's counsel and the Commonwealth's attorney, the trial court denied the motion.

At trial, appellant attempted to qualify James E. Bradley, Jr., as an expert in "how to conduct a proper undercover operation." The trial court refused to allow the expert to testify, stating that an undercover drug operation is not a matter outside the realm of common experience to require the testimony of an expert. The appellant made no proffer of the expected testimony.

Appellant presented two alibi witnesses who testified that appellant was out of state on February 17, 1998. Both witnesses had felony records. At the close of the testimony, appellant's trial counsel had appellant "present" himself to the jury. He stood and walked in front of the jury and smiled at them,

-

apparently for the purpose of demonstrating the condition of appellant's teeth as an identifying characteristic.

## II.  WAIVER OF RIGHT TO BE PRESENT AT TRIAL

Appellant first contends the trial court erred by refusing to allow him to "waive" his Sixth Amendment right to be present at trial.  He argues that the right to be present includes the converse of that right, his right to be absent.  We disagree and hold that appellant has no constitutional right to be absent at trial.

In Singer v. United States, 380 U.S. 24 (1965), the United States Supreme Court analyzed the issue "of converse rights" in the context of the waiver of the right to a trial by jury.  In Singer, the defendant argued that his right to waive a jury could not be limited by the requirement that the prosecutor and court also agree to the waiver.  In rejecting this claim, the Court held

> [t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.  For example, although a defendant can, under some circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial; although he can waive his right to be tried in the State and district where the crime was committed, he cannot in all cases compel transfer of the case to another district; and although he can waive his right to be confronted by the witnesses against him, it has never been seriously suggested that he can thereby compel the Government to try the case by stipulation.  Moreover, it has long been accepted that the

-

waiver of constitutionals rights can be
subjected to reasonable procedural
regulations . . . .

\*    \*    \*    \*    \*    \*    \*

The Constitution recognizes an
adversary system as the proper method of
determining guilt, and the Government, as a
litigant, has a legitimate interest in
seeing that cases in which it believes a
conviction is warranted are tried before the
tribunal which the Constitution regards as
most likely to produce a fair result.

Id. at 34-36 (internal citations omitted).

In accord with this reasoning, several of our sister states

have addressed the issue raised in the instant case.  Iowa v.

Randle, 603 N.W.2d 91 (Iowa 1999) rejected the argument that a

defendant has a constitutional right to be absent from his

trial.

"The defendant has a duty as well as a
right to be present at his trial.  He may
not absent himself without the permission of
the court.  It is even said that a statute
authorizing trial of misdemeanor cases in
the absence of the accused does not mean
that one charged with a misdemeanor has a
right to be absent at trial and to appear
only by counsel.

In a jurisdiction which considers
defendant's presence nonwaivable and
essential to the validity of the
proceedings, his presence at every stage of
the trial may be compelled.  But even where
his right to be present can be waived, this
does not amount to a right to be absent,
since the prosecution has a right to require
his presence for purposes of identification
by its witnesses and of receiving punishment
if found guilty."

-

Id. at 93 (quoting State v. Davis, 259 N.W.2d 812, 814 (Iowa 1977)).  See also Whitt v. State, 733 So.2d 463, 474 (Ala. Crim. App. 1998) ("Although it has sometimes been argued that a defendant should have a right to be absent from his trial if he so chooses, the law generally is to the contrary.  The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right and thus it does not follow from the fact that the right of presence can be waived or forfeited that a defendant can insist upon a right not to attend his trial."); State v. Mumford, 666 P.2d 1074, 1075-76 (Ariz. Ct. App. 1982) (no abuse of discretion to require defendant to remain in the courtroom for identification purposes; although he may waive his right to be present in court, he must obtain the permission of the trial judge to be absent); United States v. Moore, 466 F.2d 547, 548 (3d Cir. 1972) (Federal Rule 43, which is a codification of existing law that a felony defendant be present, does not vest a "right of absence" in a defendant); United States v. Fitzpatrick, 437 F.2d 19, 27 (2d Cir. 1970) (no right of a defendant to absent himself from the courtroom when identification is an issue).[1]

---

[1] A defendant may, by affirmative conduct, waive or forfeit his or her right to appear.  See Taylor v. United States, 414 U.S. 17 (1973) (failure to return after a lunch break); Quintana v. Commonwealth, 224 Va. 127, 295 S.E.2d 643 (1982) (obstreperous conduct in the courtroom); Cruz v. Commonwealth, 24 Va. App. 454, 482 S.E.2d 880 (1997) (oversleeping because he drank too much the night before); Head v. Commonwealth, 3 Va. App. 163, 348 S.E.2d 423 (1986) (failure to appear for trial

Based on the foregoing, we hold the trial judge correctly denied appellant's motion to absent himself from trial.

### III.  HEARSAY

Appellant next argues the trial court erred in allowing Hanula to testify concerning the circumstances surrounding appellant's arrest.  He contends that Hanula's testimony was hearsay and should have been excluded.  Because we find that his statements were not hearsay, we find no error.

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted."  Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992).  "Unless it is offered to show its truth, an out-of-court statement is not subject to the rule against hearsay and is admissible if relevant."  Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 825 (1985).  "The hearsay rule does not operate to exclude the evidence or a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made."  Fuller v. Commonwealth, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960).  See also Swain v. Commonwealth, 28 Va. App. 555, 507 S.E.2d 116 (1998).

---

after having knowledge of the court date and time).  However, the issue of an implied waiver by conduct is not the context of the instant case.

-

In the instant case, Hanula testified to the substance of a telephone conversation he overheard between his confidential informant and the person who responded to a page at the number given by "Fats" at the February 17, 1998 transaction. The testimony was not offered to prove that a cocaine buy was to occur, but rather was offered to explain the ruse used to draw the person on the telephone to the location of the arrest. Thus, we hold that the trial judge did not err in admitting Hanula's testimony.

## IV. EXPERT TESTIMONY

Lastly, appellant contends the court erred in refusing to allow his expert witness to testify regarding the validity of an undercover police narcotics operation. The Commonwealth argues that appellant is barred from raising this issue because he failed to proffer the expected testimony.

It is well settled that when evidence is excluded, the proponent must proffer for the record the nature of the expected evidence in order to preserve the ruling for appeal. Without such a proffer, the appellate court has no basis to determine whether the aggrieved party has been prejudiced by the ruling. See Whitaker v. Commonwealth, 217 Va. 966, 234 S.E.2d 79 (1977); Craig v. Commonwealth, 14 Va. App. 842, 419 S.E.2d 429 (1992).

-

We find that appellant's counsel's failure to proffer the expected testimony bars our consideration of this issue.[2]

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>

---

[2] The trial judge also ruled that because the proposed expert had been excluded from the courtroom, he had no proper foundation for any expert testimony.  Because we affirm on the failure to proffer issue, we do not address this contention.