COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Annunziata and Senior Judge Willis
Argued at Alexandria, Virginia


HORACE ROLLINS

                                          MEMORANDUM OPINION* BY
v.        Record No. 1426-03-4           CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                  JANUARY 28, 2004
ALEXANDRIA DIVISION OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            John E. Kloch, Judge

        C. Louise Ball (Ball & Ball, on brief),  for appellant.

        Jonathan Westreich, Special Counsel (Ignacia Pessoa; Office of the
        City Attorney, on brief), for appellee.

        Dale Warren Dover,  Guardian *ad litem* for the minor children.


        Horace Rollins (Rollins) appeals from a decision of the circuit court terminating his

residual parental rights to his minor children, A and L.  Rollins contends the circuit court erred in

ordering the termination because it lacked clear and convincing evidence that (1) the termination

was in the best interests of the children and (2) Rollins had not complied with Code

§ 16.1-283(C)(2).  For the reasons that follow, we affirm the judgment of the circuit court.

                                I.  BACKGROUND

                On appeal of an action to terminate residual parental rights,
        we view the evidence in the light most favorable to the party
        prevailing below and afford the evidence all reasonable inferences
        fairly deducible therefrom.  The trial court's judgment, "when
        based on evidence heard *ore tenus*, will not be disturbed on appeal
        unless plainly wrong or without evidence to support it."

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

M.G. v. Albemarle County Dept. of Social Services, 41 Va. App. 170, 180-81, 583 S.E.2d 761, 766 (2003) (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)) (other citation omitted).

Properly viewed, the evidence established that the children[1] came into the custody of the Alexandria Division of Social Services (DSS) on June 28, 2001 as a result of an abuse and neglect petition. The petition for removal was based, in part, on a report from a social worker alleging inadequate supervision and shelter as well as domestic violence and drug use in the home. Some of the underlying evidence in support of the petition was that on May 4, 2001, school officials observed bruises, a black eye and stitches on A. The children's explanations of A's injuries were inconsistent. On June 8, 2001, Alexandria police responded to a domestic violence call involving the parents. They found both parents[2] under the influence of alcohol and/or narcotics.

DSS had been involved with the family since 1996 when they lived in a shelter in Northern Virginia. Over the lengthy history of the parties' contact with the court system and DSS, the trial court ordered the parents to obtain and maintain employment, make efforts toward sobriety, and cooperate with mental health and/or substance abuse programs. After the children were placed in foster care in June 2001, Rollins participated in substance abuse services and had weekly visits with the children. However, he did not maintain stable employment or suitable housing at any time during the period the children were in foster care. DSS provided Rollins with intensive therapeutic substance abuse services, a variety of housing arrangements, participation in family drug court and helped him find and maintain gainful employment albeit not successfully until recently.

---

[1] The children's cases have been combined and are treated as one.

[2] The biological mother's rights have already been terminated and are not at issue here.

On July 19, 2002 a Petition for Permanency Planning Hearing was filed for both children in the juvenile and domestic relations district court by appellee. On November 18, 2002 a permanency planning order was issued by the juvenile and domestic relations district court. The juvenile and domestic relations district court found that the children were placed in the custody of DSS on June 28, 2001 as a result of a court order in an abuse or neglect case; that Rollins had not been able to stay sober during the appropriate time frame; and that reasonable efforts had been made to reunite the children with Rollins. His residual parental rights were terminated. Rollins appealed that decision to the circuit court and on May 9, 2003, after a *de novo* hearing, the trial court terminated his residual parental rights and found in pertinent part:

> I think there is probably little more sacred in the law, certainly, other than perhaps liberty itself, of a parent's rights to their child. Every law that we have gives strong presumptions to the parent or parents.

> One exception to that is also in the law that even with that strong bond, the interest of the child are paramount. . . . So it's a balancing between the interest of the child, and the interest of the parent.

> That's essentially what the law says, and that's obviously what this case is about. Mr. Rollins, the evidence indicates, and I'm sure you admit, you have a variety of handicaps, if nothing else, starting from drug addiction.

> I think, in your experience, and I think the evidence supports that and probably common sense dictates that you don't get over drug addiction, you just go into remission and hopefully you go into remission for life.

> Certainly, ten months and eight days is not remission. As evidenced by the fact that prior to that was 11 months, and prior to that was five years. The fact that you were a model student in the Drug Court is commendable.

> It's not easy. And as you point out, most people don't make it. But the fact remains you were still a student in Drug Court. It seems to me that many of your problems stem from substance abuse, which may in fact be a symptom of something else, but I think from the practical standpoint, it is substance abuse.

Once you overcome that, steady employment will follow. And once you establish that, a steady place to live will follow. I think the fact, as [the GAL] points out, these children can't wait for all that to happen.

Under the law, the statute makes the presumption of twelve months. That's how long it's supposed to take for you to make substantial progress. Here we have 22 months, something like that. These two children are in very formative years.

\* \* \* \* \* \* \*

After considering all of the evidence in this case, as difficult as it is, I don't believe that there has been substantial progress made.

There has been, indeed, progress, but not substantial progress within the time frames of what these children require or what the law requires. Accordingly, I am satisfied that the Petitioner has met its burden by clear and convincing evidence that there has not been substantial progress within a reasonable time.

Rollins appeals from that decision.

## II. SUFFICIENCY OF THE EVIDENCE

Rollins contends the trial court erred in terminating his residual parental rights because it lacked clear and convincing evidence that (1) the termination was in the best interests of the children and (2) he failed to meet the requirements of Code § 16.1-283(C)(2).[3] We disagree.

Code § 16.1-283(C)(2) provides in pertinent part:

> The residual parental rights of a parent . . . of a child placed in foster care as a result of court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . [t]he parent . . ., without good cause, [has] been unwilling or *unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care* to remedy substantially the conditions which led to or required continuation of the child's

---

[3] Appellant also claims as error violations of (1) the Equal Protection and Due Process Clauses of the United States and Virginia Constitutions; (2) the Federal Rehabilitation Act of 1973; and (3) the Americans with Disabilities Act of 1990 and Code § 51.5-40 (the Virginia Americans with Disabilities Act). However, these arguments were not raised in the trial court, and the ends of justice do not compel us to address them for the first time on appeal. Those arguments are, therefore, waived. Rule 5A:18.

- 4 -

> foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent . . ., without good cause, [has] failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with [his] obligations under and within the time limits or goals set forth in a foster care plan filed with the court . . . shall constitute prima facie evidence of this condition.

(Emphasis added). "Although the rights of parents may not be lightly severed, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." M.G., 41 Va. App. at 187, 583 S.E.2d at 769 (internal citations and quotations omitted). "While we are mindful of the principle that the termination of residual parental rights is a grave, drastic and irreversible action, we presume the trial court has thoroughly weighed all the evidence and considered the statutory requirements." Harrison v. Tazewell County Dept. of Social Services, _____ Va. App. ____, _____, _____ S.E.2d _____, _____ (Jan. 6, 2004) (internal citations and quotations omitted). "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dept. of Social Services, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Code § 16.1-283(C)(2) provides a three-prong test that must be met when the court terminates residual parental rights. The court must find, based on clear and convincing evidence that: (1) termination is in the best interests of the children; (2) the parent has been unwilling or unable within a reasonable period of time not exceeding twelve months to remedy the conditions that brought the children to foster care and is without good cause for his failure; and (3) the children are in foster care as a result of court commitment. Code § 16.1-283(C)(2).

Each prong of this test is met by the evidence presented in the instant case. Initially, the children were removed from the home and placed in foster care as a result of abuse and neglect.

- 5 -

They had been in a stable foster home for almost two years. They adjusted well to the environment and were doing well in school. DSS offered Rollins approximately twenty-two months of appropriate and reasonable services including the Alexandria Family Drug Court, the Virginia Cares program, Northern Virginia Transitional Housing Program, Serenity Program, Bailey's Crossroads Shelter, Phoenix House, Independence Home, the Veterans Administration Medical Center in West Virginia, and the Men's Recovery Home. Appellant held numerous jobs for short periods of time. He currently works through an agency as an in-home health aide. He underwent both in-patient and out-patient drug counseling and mental health counseling. Rollins' history of drug use and his relapse after eleven months of sobriety at the one-year anniversary of the children's placement in foster care were properly considered by the trial court. He admitted he used "marijuana, crack cocaine and probably any type of alcohol [he] could get [his] hands on for that five day span." When asked if he thought about the consequences of his relapse, Rollins stated "I thought it was going to screw up everything that I had worked towards. But it was falling apart on me anyway."

Additionally, Rollins concedes that his living situation would not allow him custody of his children and that he was not requesting that the children be given to him. He argued only that the court should not terminate his parental rights and that the children remain in permanent foster care. However, he also stated "I can't promise tomorrow. I can only live in the day." As noted earlier, we have held on numerous occasions that it is not in the best interests of a child to spend a lengthy period of time in limbo waiting for a parent to resume his responsibilities. See Kaywood, 10 Va. App. at 540, 394 S.E.2d at 495; M.G, 41 Va. App. at 188, 583 S.E.2d at 769; Ange v. York/Poquoson DSS, 37 Va. App. 615, 631, 560 S.E.2d 477, 482 (2002); Roanoke City Dept. of Soc. Servs. v. Heide, 35 Va. App. 328, 337, 544 S.E.2d 890, 894 (2001); Richmond

Dept. of Soc. Servs. v. L.P., 35 Va. App. 573, 584, 546 S.E.2d 749, 754-55 (2001); and Lecky v. Reed, 20 Va. App. 306, 312, 456 S.E.2d 538, 540 (1995).

Thus, credible evidence supports the trial court's finding that the requirements of Code § 16.1-283(C)(2) were met and termination was in the best interests of the children.

### III.  LETTER FROM EMPLOYER

Rollins next contends that the trial court erred in refusing to admit into evidence a letter from his employer.

> It is well settled that when evidence is excluded, the proponent must proffer for the record the nature of the expected evidence in order to preserve the ruling for appeal. Without such a proffer, the appellate court has no basis to determine whether the aggrieved party has been prejudiced by the ruling.

Durant v. Commonwealth, 35 Va. App. 459, 466, 546 S.E.2d 216, 220 (2001).  Appellant's counsel twice attempted to have the letter admitted into evidence; however, she failed to proffer the contents of the letter either time.  We find that appellant's counsel's failure to proffer the contents of the letter bars our consideration of this issue.

### IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, counsel contends that if she failed to preserve any issue, it was due to the "ineffective assistance of trial counsel."  Just as ineffective assistance of counsel in a criminal case is not cognizable on direct appeal, similarly in a civil case, it is not an independent basis for error, nor standing alone does it meet the ends of justice requirements of Rule 5A:18.  See Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994) (noting that, in 1990, the legislature repealed Code § 19.2-317.1 which provided for direct appeal of certain ineffective assistance claims); see also Walker v. Mitchell, 224 Va. 568, 570, 299 S.E.2d 698, 699 (1983), and Rule 5A:18.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.