**STATE of Iowa, Appellee,**

v.

**Douglas Eugene DAVIS, Appellant.**

**No. 60252.**

Supreme Court of Iowa.

Nov. 23, 1977.

Betty, Neuman, McMahon, Hellstrom & Bittner, by Larry L. Shepler, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and Elizabeth O. Shaw, Scott County Atty., Davenport, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

Annie L. Stokes testified that she saw two men go onto the porch of her neighbor Christiansen's house, across the alley. She called the police and an officer arrived shortly. He went around the Christiansen house and saw two men on the porch; they appeared to be trying to break into the house by pulling out a molding on a door. Boards around the door had been removed. The officer arrested the two men and took them to the police car, where Stokes saw them at closer range. The evidence on both sides of the case shows that one of the men arrested was defendant Douglas Eugene Davis and the other was Hardy Lee Westerfield.

Stokes testified in part in her discovery deposition taken by defendant (with defendant and Westerfield present):

Q. Did you see the two people that were in the vicinity of the Christiansen house as you have described it? Did you see those people well enough to be able to visually recall what they look like and identify them? A. Yes, I can identify them.

Q. Are either of those two people here? A. Yes, that one and him.

Q. Now, are you sure that those are the two people you saw that day? A. Yes, I'm sure.

Q. There is no doubt at all in your mind, is there? A. No.

At defendant's trial, Stokes testified in part about the incident:

Q. Who was it that you saw? A. Well, I seen Davis and Westerfield. Two guys.

Q. By Davis who do you mean? A. That guy over there. Douglas Davis.

The officer testified in part at the trial:

Q. Can you tell us who those two young men were that you apprehended that afternoon? A. Mr. Westerfield and Mr. Davis.

Q. Do you see either of them here in the courtroom? A. Yes, I do.

Q. Would you point him out? A. Mr. Davis is setting over there at the table with the gentlemen in the brown suit. Has a—from here it looks like a black coat.

Defendant testified at the trial. He admitted he and Westerfield were on the Christiansen porch as the officer testified, but he stated the damage to the house had been done previously. He testified:

Q. What happened after you decided to go to the east? A. As we was stepping out of the yard to go around the side of the house we seen two dudes on the porch. They looked at us and we looked at them and they took off running . . .

Q. And you indicated that Hardy wanted to go look at the porch? A. Yes.

Q. Did he subsequently go up on the porch? A. Yes, he did.

Q. Were you still down in the yard when he first went up on the porch? A. Yes.

Q. What happened after Hardy Westerfield went up on the porch? A. He said, hey, come check this out. . . .

Q. And what did you do? A. I went over there where he was on the porch. . . .

Q. What happened then? . . . A. He was showing me where some broken wood was taken place. . . .

Q. Did you see any wood around the edge of that glass in the door? A. On some sides of it. . . .

Q. So the molding was still partially intact on the right side of the door? A. Right.

Q. Was there pieces of molding on the floor where were you were standing? A. Yes.

The jury found defendant guilty of attempted breaking and entering as charged by the county attorney. Defendant appealed.

Defendant raises but one issue before us. When defendant took the deposition of Stokes before trial, he demanded to be absent but was required to be present.

Thereafter in various ways in the trial court, defendant endeavored to exclude trial testimony by Stokes on the contention that he should not have been required to attend his discovery deposition of her.

Defendant founds his contention on his undoubted right of confrontation at trial, which he extends to the deposition. From the confrontation clause he reasons that he not only has a right to be present, he also has a right to be absent if he chooses. He contends that he *can* waive confrontation and therefore he has the *right* to waive it, citing *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, reh. den. 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80; *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674; and *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500.

■ Defendant overlooks a common-law principle of long standing. The State has the obligation in a criminal case to prove the identity of the individual who committed the crime and to do so beyond a reasonable doubt. The State is entitled to have the accused present so that the witnesses can look into his face and answer whether he is or is not the man. This must be true whether the identity issue arises at trial or in pretrial depositions for, realistically, testimony given in deposition may be as influential at a subsequent trial as testimony given at the trial itself. This court stated in *State v. Brandt*, 253 N.W.2d 253, 260 (Iowa), "The prosecution has a right to require a defendant to be present for purposes of identification by witnesses." See also *State v. Tucker*, 190 N.C. 708, 709, 130 S.E. 720, 721 ("It was the right of the State to have the defendant present at the trial, both for the purpose of identification and to receive punishment if found guilty."), reaffirmed in *State v. Vincent*, 222 N.C. 543, 23 S.E.2d 832; *United States v. Denno*, 355 F.2d 731, 735 (2 Cir.), aff'd 384 U.S. 1000, 86 S.Ct. 1983, 16 L.Ed.2d 1014 ("Since the law requires the defendant to be present upon his trial and to exhibit his face for identification purposes, it was for the jury to weigh the accuracy of Mrs. Behrendt's identification"—court upheld action by police in

**814**

taking defendant before the victim for identification in hospital prior to trial); *Kivette v. United States*, 230 F.2d 749, 755 (5 Cir.) ("The requirement that the accused present himself for trial is one of the earliest established in the criminal law."); *State v. Hinkle*, 176 Kan. 152, 269 P.2d 465 (court's syllabus: "In the trial of one charged with a felony the court did not err in requiring the defendant to be personally present during the trial."); *Barnett v. Russell, Judge*, 299 Ky. 242, 244, 185 S.W.2d 261, 263 ("Though he has the right to be present and may waive it, it does not follow that he has the right to be absent in violation of his surety's undertaking that he would be present."); *People v. Winship*, 309 N.Y. 311, 313, 130 N.E.2d 634, 635 ("Although he may waive his right to be present in court, *People v. La Barbera*, 274 N.Y. 339, 8 N.E.2d 884, nevertheless the People have the right to require his presence for the purpose of identification by its witnesses."). As stated in 21 Am.Jur.2d Criminal Law § 273 at 308:

> The defendant has a duty as well as a right to be present at his trial. He may not absent himself without the permission of the court. It is even said that a statute authorizing trial of misdemeanor cases in the absence of the accused does not mean that one charged with a misdemeanor has a right to be absent at trial and to appear only by counsel.

> In a jurisdiction which considers defendant's presence nonwaivable and essential to the validity of the proceedings, his presence at every stage of the trial may be compelled. But even where his right to be present can be waived, this does not amount to a right to be absent, since the prosecution has a right to require his presence for purposes of identification by its witnesses and of receiving punishment if found guilty.

See also 23 C.J.S. Criminal Law § 973 at 886 ("It is the duty of the accused to be present at the trial").

Error does not appear.

AFFIRMED.