Dennis LUSTER, Plaintiff,

v.

Honorable Jack F. BRODERICK, as Associate District Court Judge of the Iowa District Court In and For SCOTT COUNTY, Defendant.

Fred DUNBAR, Plaintiff,

v.

Honorable Jack F. BRODERICK, as Associate District Court Judge of the Iowa District Court In and For SCOTT COUNTY, Defendant.

No. 67257.

Supreme Court of Iowa.

Dec. 22, 1982.

Janelle Swanberg and Ann DiDonato, law student, Davenport, for appellants.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen. and William E. Davis, Scott County Atty., for respondent.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

Plaintiffs argue on this appeal that an indigent criminal defendant cannot be incarcerated for failure to post an appearance bond that the sentencing judge required after he deferred payment for thirty days of a fine the defendant could not pay. We conclude there is no authority for imposing an appearance bond in the present case and its imposition here is illegal. Accordingly, we sustain the writ of certiorari previously issued and we remand with directions.

Plaintiffs each entered a plea of guilty to a simple misdemeanor charge and Jack Broderick, district associate judge, fined each plaintiff $100. After each plaintiff informed the judge that he could not pay his fine, the judge deferred payment for thirty days. He then imposed a bond of $150, which the State concedes was an appearance bond. Neither plaintiff could satisfy the bond requirement and as a result both were incarcerated.

The judge conceded that in such cases it was his usual procedure to defer the payment of the fine and to release a defendant if he was eligible for pretrial release, or to set a bond if he was not. If the defendant did not post the bond he was then incarcerated for thirty days. At the end of the period the original sentence was then modified to provide for a sentence of thirty days in jail, and the defendant was given credit for the time served.

Each plaintiff challenged his incarceration by writ of certiorari to this court. We granted these petitions and then consolidated the cases. Although plaintiffs contend they were denied certain constitutional protections we find, after consideration of those portions of the record that are properly before the court, that there is no need to address these contentions for we dispose of this case on another issue.

A sentencing court has no authority to impose bond, and incarceration upon failure to post bond, for the apparent purpose of enforcing the collection of a fine.

The purpose of an appearance bond is to ensure the appearance of a released defendant as required. Iowa Code § 811.2(1) (1981). The purpose of a general postconviction appearance bond is to ensure the appearance of a released defendant following a determination of an appeal or other delay in the commencement of the sentence of incarceration.

The legislature provides express authority and direction for the collection of fines, *see e.g.,* Iowa Code ch. 909 (1981); section 909.1 (providing for imposition of fines); section 909.3 (providing for installment payments "whenever it appears that a defendant cannot make immediate payments"); section 909.5 (providing for contempt of court for failing to pay fine); section 909.6 (providing that execution for a fine is issued and recorded as upon a judgment in a civil case); Iowa R.Crim.P. 24(2)(b) (a defendant may have a stay of execution on a fine as in a civil action, however, no provision is made for detainment or for bail); Iowa R.Crim.P. 49 (in sentencing for a misdemeanor conviction the magistrate is governed by the rules prescribed for indictable offenses), but we find no provision that expressly or impliedly allows for the imposition of an appearance bond upon failure to pay the fine. We are also unaware of any statutory authority which allows the sentencing judge to defer the payment of a fine, and, in addition, impose an appearance bond. Such imposition of bond is unauthorized and illegal.

Our conclusion is bolstered by the repeal of section 789.17 of the 1971 Code of Iowa. That section provided for imprisonment for nonpayment of a fine, to the extent of one day of imprisonment for every three and one-third dollars of the fine. We held in *State v. Snyder*, 203 N.W.2d 280, 291 (Iowa 1972), that a sentence passed under this provision upon an indigent was unconstitutional for it discriminated against those unable to pay the fine and avoid punishment. The legislature subsequently repealed this provision. 1974 Iowa Acts ch. 1085, §§ 39 and 42.

The writ is sustained with directions to set aside the order setting bond and any order that provides for the incarceration of either petitioner under these cases.

WRIT SUSTAINED WITH DIRECTIONS.