STATE of Iowa, Appellant,

v.

Lucas Tevin RANDLE, Appellee.

No. 98–1244.

Supreme Court of Iowa.

Nov. 17, 1999.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Denver D. Dillard, County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, CADY, and ANDREASEN,* JJ.

ANDREASEN, Senior Judge.

The State appeals from the district court's dismissal of a trial information charging the defendant with failure to appear. We reverse and remand for further proceedings.

### I. Background Facts and Proceedings.

In January 1998, the defendant, Lucas Randle, was charged with the felony offenses of attempted murder and willful injury. To secure his release from custody, the defendant posted a bail bond and signed a bail bond form in which he agreed to submit to the orders of the court.

On February 3, 1998, the district court entered an order scheduling the defendant's trial for April 20, 1998. The order indicated that if the defendant did not personally appear for trial a warrant could immediately issue for his arrest. The defendant was present for the first day of the trial but failed to appear for the second day. The district court determined that the defendant's absence was voluntary and allowed the trial to proceed pursuant to Iowa Rule of Criminal Procedure 25(2). The defendant was convicted of willful injury and assault with intent to inflict serious injury.

Based on the defendant's failure to return after the first day of trial, the State subsequently charged him with failure to appear in violation of Iowa Code section 811.2(8) (1997). The defendant filed a motion to dismiss, alleging he had an absolute right not to appear at trial. The district court granted the motion, finding the defendant had voluntarily waived his right to be present. The State has appealed.

The State argues the district court erred when it concluded the defendant could not be prosecuted for his failure to appear. Specifically, it contends the court blurred the distinction between the defendant's *right* to be present at trial and his separate *obligation* to be present. It contends the defendant was required to be present at the trial and neither the Constitution of the United States nor Iowa Rule of Criminal Procedure 25 vested him with a right to be absent.

### II. Scope of Review.

"We review a trial court's grant of a motion to dismiss a charge asserted in a trial information for errors of law." *State v. Johnson,* 528 N.W.2d 638, 640 (Iowa 1995). We accept as true the facts alleged in the trial information and minutes and will reverse a trial court's dismissal if the alleged facts charge a crime as a matter of law. *Id.*

We review matters of statutory construction for the correction of errors at law. *See id.* Likewise, our review of the district court's interpretation of a criminal rule is at law. *See, e.g., State v. Dann,* 591 N.W.2d 635, 637 (Iowa 1999); *State v. Rains,* 574 N.W.2d 904, 909 (Iowa 1998).

### III. Iowa Rule of Criminal Procedure 25.

The district court concluded it had to dismiss the charge of failure to appear because the court had previously found the

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

defendant's absence from trial was voluntary and constituted a wavier of his right to be present under Iowa Rule of Criminal Procedure 25(2). This rule provides in relevant part:

1. *Felony or misdemeanor.* In felony cases the defendant shall be present personally or by interactive audiovisual closed circuit system at the initial appearance, arraignment and plea, unless a written arraignment form as provided in R.Cr.P. 8(1) is filed, and pretrial proceedings, and shall be personally present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.

2. *Continued presence not required.* In all cases, the progress of the trial or any other proceeding shall not be prevented whenever a defendant, initially present, does one of the following:

a. Voluntarily absents himself or herself after the trial or other proceeding has commenced.

Iowa R.Crim. P. 25.

Rule 25 implements a defendant's constitutional right to be present at trial. *State v. Hendren*, 311 N.W.2d 61, 62 (Iowa 1981). Like any personal constitutional guarantee, a defendant's right to be present at trial may be waived. *Id.* A defendant's voluntary absence from trial can be deemed a waiver of his right to be present. *Id.* In such cases criminal rule 25(2)(a) authorizes the court to proceed with the trial during the defendant's absence.

In *State v. Brandt*, 253 N.W.2d 253 (Iowa 1977), we recognized that a defendant could not bootstrap a right to be absent from his trial from a statute which merely gave the trial court the discretion to try him in absentia. *Brandt*, 253 N.W.2d at 260. Similarly, in *State v. Davis*, 259 N.W.2d 812 (Iowa 1977), we rejected the argument that a defendant had a constitutional right to be absent from a deposition. Relying on common-law principles, we held the State was entitled to have the accused present so a witness could look him in the face and identify whether he was the culprit. *See Davis,* 259 N.W.2d at 813. We further held the State has this right whether the identity issue arose at trial or in a pretrial deposition. *Id.*

In holding that the defendant in *Davis* did not have a constitutional right to be absent from a deposition, we quoted with approval the following:

The defendant has a duty as well as a right to be present at his trial. He may not absent himself without the permission of the court. It is even said that a statute authorizing trial of misdemeanor cases in the absence of the accused does not mean that one charged with a misdemeanor has a right to be absent at trial and to appear only by counsel.

In a jurisdiction which considers defendant's presence nonwaivable and essential to the validity of the proceedings, his presence at every stage of the trial may be compelled. But even where his right to be present can be waived, this does not amount to a right to be absent, since the prosecution has a right to require his presence for purposes of identification by its witnesses and of receiving punishment if found guilty.

*Id.* at 814 (quoting 21 Am.Jur.2d *Criminal Law* § 273, at 308).

While our decisions in *Brandt* and *Davis* preceded the adoption of criminal rule 25, we find their reasoning to be equally persuasive in this case. We hold a defendant is not vested with a right to be absent from trial merely because rule 25(2) permits a district court to continue a trial during the defendant's voluntary absence.

Numerous other jurisdictions interpreting similar state court rules and their federal counterpart (Federal Rule of Criminal Procedure 43) have also held that a rule permitting a trial to proceed in a defen-

dant's absence does not vest a right of absence in the defendant. *See United States v. Moore,* 466 F.2d 547, 548 (3d Cir.1972); *United States v. Fitzpatrick,* 437 F.2d 19, 27 (2d Cir.1970); *State v. Mumford,* 136 Ariz. 465, 666 P.2d 1074, 1075–76 (Ariz.App.1982); *State v. Salton,* 238 Kan. 835, 715 P.2d 412, 416 (1986); *State v. Rossignol,* 654 A.2d 1297, 1298 (Me.1995); *Capwell v. State,* 686 P.2d 1148, 1156 (Wyo.1984). A leading treatise expresses a similar view:

> "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right," and thus it does not follow from the fact that the right of presence can be waived or forfeited that a defendant can insist upon a right not to attend his trial.

3 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 23.2(c) (1984) (quoting *Singer v. United States,* 380 U.S. 24, 34–35, 85 S.Ct. 783, 790, 13 L.Ed.2d 630, 638 (1965)).

▮ When confronted with this issue, the Connecticut Supreme Court held it was neither unconstitutional nor inconsistent to charge a defendant with failure to appear after he voluntarily absented himself from his trial and waived his right to be present. *See State v. Zeko,* 176 Conn. 421, 407 A.2d 1022, 1025–26 (1979). We agree and hold the State is not barred from charging a defendant with failure to appear when the defendant voluntarily absents himself from trial and is tried in absentia pursuant to criminal rule 25(2).

IV. Iowa Code Section 811.2(8).

▮ Having rejected the argument that Iowa Rule of Criminal Procedure 25(2) absolved the defendant of any criminal liability for failing to appear at trial, we now turn to the trial information and minutes of evidence to determine if the facts the State has alleged charge a crime as a matter of law. The State charged the defendant with failure to appear, a class D felony in violation of Iowa Code section 811.2(8). That statute provides in relevant part:

> *Failure to appear—penalty.* Any person who, having been released pursuant to this section, willfully fails to appear before any court or magistrate as required shall, in addition to the forfeiture of any security given or pledged for the person's release, if the person was released in connection with a charge which constitutes a felony, or while awaiting sentence or pending appeal after conviction of any public offense, be guilty of a class "D" felony.

Iowa Code § 811.2(8).

Chapter 811 addresses the circumstances under which a defendant may obtain a pretrial release. *See id.* § 811.6. It sets forth various conditions of release which a court may impose to reasonably assure the appearance of the defendant for trial, including the posting of a bond. *See id.* § 811.2(1). We have previously recognized that the purpose of a bail or appearance bond is to secure a defendant's presence. *See Luster v. Broderick,* 327 N.W.2d 224, 226 (Iowa 1982); *State v. Benedict,* 234 Iowa 1178, 1182, 15 N.W.2d 248, 250 (1944).

▮ A defendant who obtains a pretrial release pursuant to Iowa Code chapter 811 is statutorily required to appear for trial. Iowa Code § 811.6(1). Here, the defendant was required to be present for his trial and he failed to appear after the first day. It was within the State's authority to charge him with a failure to appear, and the district court erred in dismissing the trial information. We reverse and remand this case for further proceedings.

**REVERSED AND REMANDED.**