STATE of Iowa, Appellee,

v.

Melissa Jean FOLKERTS, Appellant.

No. 03–1862.

Supreme Court of Iowa.

Sept. 16, 2005.

Joseph B. McCarville, Assistant Public Defender, Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Timothy N. Schott, County Attorney, and Wendy Samuelson, Assistant County Attorney, for appellee.

WIGGINS, Justice.

In this appeal, we must decide whether a defendant is required to be present at the deposition of an eyewitness to a crime when the attorneys question the eyewitness regarding the identity of the perpetrator of the crime. In order to avoid an impermissibly suggestive identification of the defendant during the course of a deposition, we hold the defendant is not required to be present at the deposition until the parties have completed questioning the eyewitness as to the identity of the perpetrator. For this reason, we reverse the order of the district court and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

At approximately 3:00 a.m. on July 17, 2003, three people allegedly broke into an elderly woman's apartment while she was asleep. One of the intruders, whom the victim described as a white female in her mid-twenties and wearing a pink shirt and jeans, asked the victim for ten dollars. The victim did not get a good look at the other two intruders. The three intruders carried out the victim's television and VCR. The woman called the police. The police found Folkerts outside the victim's residence. The victim subsequently picked Folkerts out of a photo lineup.

The State charged Folkerts with one count of second-degree burglary and one count of fourth-degree theft. Folkerts filed a "motion to establish identification procedures" asking the district court for permission to be absent from the initial portion of the deposition taken of the victim in order for her counsel to test the victim's recollection of the description of the perpetrator. The State resisted the motion. The district court denied Folkerts' motion. Although concluding the defendant's argument was "persuasive," the court believed it was compelled to deny the defendant's request based on this court's decisions in *State v. Davis*, 259 N.W.2d 812 (Iowa 1977) and *State v. Randle*, 603 N.W.2d 91 (Iowa 1999), and Iowa Rule of Criminal Procedure 2.27. We granted Folkerts' application for discretionary review, and transferred the case to the court of appeals. The court of appeals affirmed the district court's denial of Folkerts' motion.

## II. Issue.

We must determine whether Folkerts is required to be present during the portion

of the deposition when the parties question the victim regarding the identifying physical features of the alleged perpetrator.

### III. Scope of Review.

■ Folkerts claims the district court erred in denying her motion. We review the district court's interpretation of our criminal rules of procedure for correction of errors at law. *See Randle*, 603 N.W.2d at 92. The defendant also asserts her due process rights will be violated if she is required to be present at that part of the deposition in which the witness is questioned regarding the physical characteristics of the alleged perpetrator. Our review of this constitutional claim is de novo. *State v. Davis*, 679 N.W.2d 651, 655–56 (Iowa 2004).

### IV. Analysis.

*1. Why the district court believed it was required to compel Folkerts' presence at the deposition.*

Our rules of criminal procedure provide "[i]n felony cases the defendant shall be present personally . . . at . . . pretrial proceedings, and . . . at every stage of the trial. . . ." Iowa R.Crim. P. 2.27(1). The purpose of rule 2.27(1) is to implement a defendant's right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution. *State v. Hendren*, 311 N.W.2d 61, 62 (Iowa 1981). We have previously held a defendant cannot waive his or her right of confrontation in order to be absent from a discovery deposition of an eyewitness to a crime. *Davis*, 259 N.W.2d at 813–14. In reaching that conclusion, we stated:

> [The] [d]efendant overlooks a common-law principle of long standing. The State has the obligation in a criminal case to prove the identity of the individual who committed the crime and to do so beyond a reasonable doubt. The

State is entitled to have the accused present so that the witnesses can look into his face and answer whether he is or is not the man.

*Id.* at 813. In *Randle*, we reaffirmed our decision in *Davis* noting a defendant does not have a constitutional right to waive his or her right to confrontation so as to be absent from a deposition. 603 N.W.2d at 93. In *Davis* and *Randle*, neither defendant raised the issue in the context of a deposition that has the likelihood of creating a situation where an impermissibly suggestive identification procedure may occur.

*2. Impermissibly suggestive identification procedures and due process considerations.*

■ In *Stovall v. Denno*, the United States Supreme Court condemned the practice of singly, and not as part of a lineup, showing suspects to witnesses for identification purposes. 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967). When unnecessarily suggestive pretrial out-of-court identification procedures conducive to mistaken identification that are incapable of repair are used, the Due Process Clause requires exclusion of the testimony of the identification. *Id.* at 301–02, 87 S.Ct. at 1972–73, 18 L.Ed.2d at 1206. The Supreme Court stated, however, that the totality of the circumstances must be examined to determine if a defendant's due process rights were violated as a result of the identification procedure. *Id.* at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206.

In *Neil v. Biggers*, the Supreme Court reviewed the identification of a defendant by a victim at the police station without the benefit of a photo lineup. 409 U.S. 188, 195, 93 S.Ct. 375, 380, 34 L.Ed.2d 401, 408–09 (1972). The Supreme Court reviewed the case law and stated:

It is the likelihood of misidentification which violates a defendant's right to due process. . . . Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous.

*Id.* at 198, 93 S.Ct. at 381–82, 34 L.Ed.2d at 410–11. In *Neil*, the Supreme Court reiterated that if the totality of the circumstances indicates that the identification is reliable, a court does not have to exclude testimony concerning an identification derived from a necessarily suggestive procedure. *Id.* at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411. The *Neil* court then prescribed a two-part analysis to determine whether testimony concerning an identification procedure is admissible. *Id.* at 199–200, 93 S.Ct. at 382–83, 34 L.Ed.2d at 411. We adopted this two-part analysis in *State v. Webb*, 516 N.W.2d 824, 829 (Iowa 1994). *See also State v. Taft*, 506 N.W.2d 757, 762 (Iowa 1993).

The first part of the analysis requires the court to decide whether the identification procedure was in fact impermissibly suggestive. Second, if the court finds that the procedure was impermissibly suggestive, then the court must determine whether, under the totality of the circumstances, an identification made by the witness at the time of trial is irreparably tainted. Concerning the second step, the court's focus is on whether the initial identification was reliable. *Taft*, 506 N.W.2d at 762. Concerning this question, the court gives weight to five factors:

(1) the opportunity of the witness to view the perpetrator at the time of the crime;

(2) the witness's degree of attention;

(3) the accuracy of the witness's prior description of the perpetrator;

(4) the level of certainty demonstrated by the witness at the confrontation;

(5) the length of time between the crime and confrontation.

*Id.*

The only time a court must resort to this two-part analysis is when a defendant claims the out-of-court procedure in which an eyewitness identified the defendant was impermissibly suggestive. The best way to avoid needlessly litigating a claim that an out-of-court identification was based on an impermissibly suggestive procedure is to ensure the setting in which the identification takes place does not create the opportunity for an impermissibly suggestive procedure to occur.

*3. Avoiding an impermissibly suggestive identification as part of a deposition.*

"At common law there was no right to take depositions, except in equity cases or by agreement of the parties." *State v. Hamilton*, 309 N.W.2d 471, 477 (Iowa 1981). In 1974, we first determined a defendant could take a discovery deposition of a State's witness. *State v. Peterson*, 219 N.W.2d 665, 669 (Iowa 1974). Subsequent to our decision in *Peterson*, our rules of criminal procedure authorized a defendant to take a deposition in a criminal proceeding. Iowa R.Crim. P. 2.13(1). This rule has special procedures for taking the deposition of a victim or witness who is a child, but does not contain any special procedures for the deposition of a victim or witness who is not a child. *Id.* r. 2.13(2). These special procedures allow a victim or witness who is a child to testify at a deposition out of the presence of the defendant, if doing so "would contribute to the welfare and well-being of the child." *Id.* r. 2.13(2)(*b*) (authorizing a child to give his or her testimony behind a screen or mirror or in an adjacent room, so long as the defendant can hear or see the child's testimony).

Any identification of the defendant made at the deposition is a pretrial out-of-court identification because neither the judge nor the jury is present when the parties take the deposition. An important purpose of a deposition is to allow a defendant to take the testimony of a witness under oath to determine the extent of the witness's knowledge of the facts of the case. The testing of a witness's observation of the physical characteristics of the defendant is crucial to the defense when the defendant's only link to the crime is eyewitness identification.

■ Subsequent to our decisions in *Davis* and *Randle*, studies have shown the primary cause for the conviction of innocent people in our criminal justice system is mistaken eyewitness identification. Gary L. Wells, *Eyewitness Identification Evidence: Science and Reform*, 29 Champion 12 (2005). DNA exoneration cases show the convictions of approximately seventy-five percent of innocent persons involved mistaken eyewitness identification. *Id.* Therefore, it is important for the courts to ensure that any identification made or influenced by a defendant's presence at the deposition does not create a situation where the procedure has the likelihood of violating a defendant's right to due process of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. In other words, courts should not permit unnecessarily suggestive identification procedures as a matter of good policy.

■ The seating of a defendant next to his or her counsel at the deposition of an eyewitness is so clearly suggestive as to be impermissible. *Cf. United States v. Archibald*, 734 F.2d 938, 942–43 (2d Cir.1984) (holding an in-court identification made with the defendant sitting next to his attorney at the counsel's table is "so clearly suggestive as to be impermissible"). It is a waste of judicial resources and time to subsequently litigate whether an identification made as part of such a deposition should be admitted because it was reliable, as required by the second part of the test set forth in *Neil*. Judicial resources can be preserved by avoiding a situation that will likely create an impermissibly suggestive procedure and result in an inadmissible identification. *See United States v. Brown*, 699 F.2d 585, 594 (2d Cir.1983) (holding when the defendant timely objected to an in-court identification by an eyewitness, the trial judge should have directed the government to provide an out-of-court line-up or other protective procedure to avoid an impermissibly suggestive in-court identification).

■ Rule 2.13(1) was implemented to protect a defendant's constitutional rights. It is illogical to permit the State to use a rule designed to protect the defendant's constitutional right of confrontation to create a situation that has the likelihood to deprive a defendant of due process of law. Courts have inherent power to protect a defendant's rights from being violated in a criminal proceeding. *Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966) (requiring the police to inform a person in custody before the police can begin an interrogation of the person's constitutional right against self-incrimination, the right to have an attorney present at the interrogation, and the right to have an attorney appointed for them if the person cannot afford one); *State v. Lawrence*, 167 N.W.2d 912, 914 (Iowa 1969) (stating the court has inherent power to limit attendance at a trial "to reasonably protect the rights of parties and witnesses"); *State v. Eads*, 166 N.W.2d 766, 768–69 (Iowa 1969) (holding courts have inherent power to compel discovery of the State's evidence to protect a defendant's due process rights); *Hall v.*

*Washington County,* 2 Greene 473, 476–78 (Iowa 1850) (holding courts have inherent authority to compel compensation for an attorney appointed to represent an indigent defendant). To avoid the likelihood that a tainted identification may take place during the part of the deposition when the parties question an eyewitness regarding the identity of the perpetrator of the crime, the district court should allow a defendant to be absent from that part of the deposition. Accordingly, we disavow our holding in *Davis* and *Randle* to the extent those cases would require the defendant to be present at the deposition of an eyewitness when it is likely an impermissibly suggestive identification would take place. Therefore, Folkerts' request to be absent from the deposition of the victim during the questioning of the victim as to the perpetrator's identity should have been granted by the district court.

■ As to all cases pending, if the identity of the perpetrator of the crime is at issue and a defendant makes a timely motion to be absent from that part of the deposition when the parties question an eyewitness concerning the identity of the perpetrator of the crime, the court may allow the defendant to be absent during that part of the deposition. If the court allows a defendant to be absent, questions regarding identity should take place at the beginning of the deposition. All parties shall complete their examinations of the witness regarding identity before the defendant is required to be present. After all parties have asked these questions, the defendant shall be required to be present at the deposition.

## V. Disposition.

We reverse the order of the district court requiring Folkerts to be present during the entire deposition of the victim. Folkerts need not be present during the part of the deposition when the parties question the victim concerning the identity of the perpetrator of the crime. Accordingly, we remand the case to the district court for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER REVERSED AND CASE REMANDED.**

All justices concur except CADY and LARSON, JJ., who dissent.

CADY, J. (dissenting).

I respectfully dissent. Our role in an appeal is to resolve the issues presented in the case based on the facts and the governing jurisprudence. The majority steps out from its well-defined appellate role and, instead, engages in rulemaking. I would decide the case based on the issue presented and affirm the district court.

The district court in this case denied Folkerts' request to be absent from the deposition of the victim until the lawyers completed all questions pertaining to the description of the assailant. Folkerts objected to her presence at the deposition based on due-process grounds, and the issue presented was whether Folkerts had a right under the Due Process Clause to be absent from the deposition. The district court determined she did not, and we are presented with the same question in this interlocutory appeal.

We have previously held that a defendant does not have a right to be absent from a deposition. *State v. Davis,* 259 N.W.2d 812, 813 (Iowa 1977); *State v. Holderness,* 301 N.W.2d 733, 738 (Iowa 1981); *see also State v. Randle,* 603 N.W.2d 91, 93 (Iowa 1999) (holding "a defendant is not vested with a right to be absent from trial"). Additionally, our rules of criminal procedure require the

presence of a defendant at all critical stages of the proceedings, which may include a deposition. *See* Iowa R.Crim. P. 2.27(1) (stating defendant "shall be personally present at every stage of the trial" except as provided in the rule); *see also State v. Turner,* 345 N.W.2d 552, 559 (Iowa Ct.App.1983) ("We hold that a deposition where testimony is taken for introduction at trial is a stage of trial within the meaning of rule 25(1) [now 2.27(1)]." (citing *United States v. Benfield,* 593 F.2d 815, 821 (8th Cir.1979); *United States v. Provencio,* 554 F.2d 361, 363 (9th Cir.1977); *State v. Sanchez,* 130 Ariz. 295, 635 P.2d 1217, 1221 (Ct.App.1981); *State v. Basiliere,* 353 So.2d 820, 821–23 (Fla.1977); *State v. Hooks,* 202 Kan. 68, 446 P.2d 770, 772 (1968); *State v. Collins,* 265 Md. 70, 288 A.2d 163 (1972); *State v. Barela,* 86 N.M. 104, 519 P.2d 1185 (Ct.App.1974))). *But see Otteson v. Iowa Dist. Ct.,* 443 N.W.2d 726, 728 (Iowa 1989) (holding if a deposition is taken for discovery only—not for use at trial, the deposition is not a "stage of trial" for which the defendant must be present). This rule exists both for the benefit of the defendant and the State. *See Davis,* 259 N.W.2d at 813 ("The State has the obligation in a criminal case to prove the identity of the individual who committed the crime and to do so beyond a reasonable doubt. The State is entitled to have the accused present so that the witness can look into his face and answer whether he is or is not the man."); *Van Hoff v. State,* 447 N.W.2d 665, 674 (Iowa Ct.App.1989) ("One of the more important purposes of Iowa Rule of Criminal Procedure 25(1) [now 2.27(1)] is to protect the defendant's constitutional right of confrontation in presenting evidence from which the trier of fact determines guilt." (Citations omitted.)).

More importantly, our United States Supreme Court has held that the linchpin of due process in the area of eyewitness identification procedures is reliability of the identification, and the Court has categorically rejected a per se rule—the approach adopted by the majority in this case—that would require a specific procedure to be followed or that would forbid the use of a particular procedure. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, 154 (1977). Instead, due process relies on a case-by-case approach based on the totality of the circumstances. *Id.* ("These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.").

Consequently, our jurisprudence instructs that the Due Process Clause does not aid Folkerts in her claim to be absent from the eyewitness's deposition until she can show that her presence would necessarily taint the identification process and make it unreliable. Only then would a per se rule allowing defendants to absent themselves from a witness's deposition be appropriate. The problem in this case is that Folkerts produced no such evidence, nor made any effort to produce such evidence. Instead, she asked for a per se rule, previously rejected by Supreme Court precedent. *See id.* Folkerts failed to show that her attorney, through artful questioning or other means, would be unable to elicit reliable responses from the deponent concerning the identification. For example, there is no requirement in the law that a defendant must sit in full view of the deponent so as to render answers to questions about physical appearance so suggestive as to make the procedure unreliable and turn it into a waste of

judicial time. *See State v. Williams*, 166 Ariz. 132, 800 P.2d 1240, 1246 (1987) (noting the deponent need not necessarily be told who is the defendant). There are myriad ways an attorney could help ensure the questioning would render reliable answers. Furthermore, defense counsel failed to identify the types of questions he wants to ask the deponent to determine the reliability of the deponent's prior identification, and explain how the answers would be unreliable if the defendant were present. Finally, at trial, defense " '[c]ounsel can both cross-examine the identification witnesses and argue in summation as to factors causing doubts as to the accuracy of the identification including reference to both any suggestibility in the identification procedure and any countervailing testimony such as alibi.' " *Manson*, 432 U.S. at 113 n. 14, 97 S.Ct. at 2252 n. 14, 53 L.Ed.2d at 153 n. 14 (quoting *Clemons v. United States*, 408 F.2d 1230, 1251 (D.C.Cir.1968) (Leventhal, J., concurring)).

The majority disavows our established jurisprudence, sidesteps the barren record in this case, and draws upon a psychological study about mistaken eyewitness identification to formulate a new per se rule. This is not the way courts operate. We disavow laws or rules when they violate the Constitution, not when we do not like them. A procedure exists under our law to adopt new rules of criminal procedure, and we should rely upon that process to change our rules if change is warranted. In the meantime, defendants must rely upon the Constitution, as we should, to challenge the specific procedures based upon the specific facts and circumstances.

The district court properly decided the issue in this case. I would affirm the district court. The rule adopted by the majority is improper, unnecessary, and impractical.

LARSON, J., joins this dissent.