**IN THE COURT OF APPEALS OF IOWA**

No. 12-0056
Filed April 16, 2014

**DANNY RANKINS,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Richard G. Blane, Judge.

　　　　Applicant appeals the district court decision denying his request for postconviction relief after his conviction for first-degree robbery. **AFFIRMED.**

　　　　Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and James P. Ward, Assistant County Attorney, for appellee State.

　　　　Considered by Vaitheswaran, P.J., Mullins, J., and Huitink, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**HUITINK, S.J.**

An applicant appeals the district court decision denying his request for postconviction relief from his conviction for first-degree robbery. He claimed he received ineffective assistance from defense counsel on several different grounds. After reviewing the record, we conclude he has not shown he received ineffective assistance of counsel. We affirm the decision of the district court denying his request for postconviction relief.

### I. Background Facts & Proceedings.

The criminal trial in this case presented evidence of the following facts. On January 18, 2006, at about 11:00 p.m., two employees, Anne Michelle Harvey-Crouch and Shannon Campbell, closed an Arby's restaurant on Northeast 14th Street in Des Moines. A masked man with a gun approached them in the parking lot, demanded money, and repeatedly threatened to kill them. On re-entering the restaurant, the silent alarm was accidentally triggered. In the resulting confusion, Crouch and Campbell escaped and called police. Their assailant fled on foot south on Northeast 14th Street.

Richard Knutson testified that on January 18, 2006, at about 11:30 p.m. he was walking along Northeast 14th Street on his way to buy some cigarettes when he saw "a guy running faster than a track star almost." He saw the man run into a bowling alley parking lot and get into a car, which he described as "yellow or tannish, goldish." The car turned right in front of Knutson, and he saw the driver. The car hurriedly left the parking lot without its headlights on and headed south on Northeast 14th Street.

Derek Pettijohn was working as a security guard at the bowling alley, which was near the Arby's restaurant. At about 11:30 p.m. he became aware of a cream or beige-colored car just sitting in the parking lot. As Pettijohn started to approach the car, he saw a man get in the car and leave. He was able to observe the driver of the vehicle. Pettijohn also saw the car drive south on Northeast 14th Street.

Shortly thereafter, a police officer stopped a car on Northeast 14th Street that matched the description of the car seen by the witnesses. An unidentified passenger got out of the car and fled on foot. Police were unable to apprehend the passenger. Danny Rankins was the driver of the car. During a search of the trunk, police discovered a loaded revolver, which Crouch and Campbell later identified as the gun used in the robbery. Knutson and Pettijohn identified the vehicle and also identified Rankins as the driver of the car.

Rankins was convicted of robbery in the first degree. He was sentenced to a term of imprisonment not to exceed twenty-five years. We conditionally affirmed Rankins's conviction, and the case was remanded for a new ruling on his motion for a new trial. *State v. Rankins*, No. 06-0999, 2007 WL 2712066, at *5 (Iowa Ct. App. Sept. 19, 2007). On remand, the motion for a new trial was denied.

Rankins filed an application for postconviction relief, alleging he received ineffective assistance from defense counsel on several different grounds. A postconviction hearing was held on August 10, 2011. In a comprehensive ruling the district court denied Rankins's request for postconviction relief. He now appeals.

## II.  Standard of Review.

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  An applicant has the burden to show by a preponderance of the evidence counsel was ineffective.  *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.  Ineffective Assistance.

**A.**  Rankins first contends he received ineffective assistance because his defense counsel gave him misleading advice about whether to testify at his criminal trial.  On the record, defense counsel informed Rankins, "if you do choose to testify, the State can impeach your testimony or attempt to impeach your testimony through your prior felony conviction."  Later, defense counsel again stated, "if Mr. Rankins chooses to testify, the jury will be informed that he has a felony conviction.  In fact, I believe that he would be—the jury would be informed that he has two felony convictions."  Rankins had been convicted of two counts of second-degree sexual abuse in 1983.  He ultimately decided not to testify.

Under Iowa Rule of Evidence 5.609(a)(1), evidence of Rankins's prior convictions would be admissible if the district court "determine[d] that the probative value of admitting this evidence outweigh[ed] its prejudicial effect."[1]

---

[1] Evidence of conviction of a crime involving dishonesty or false statement is always admissible.  Iowa R. Evid. 5.609(a)(2); *State v. Harrington*, 800 N.W.2d 46, 49 (Iowa

"Only when the prior conviction's probative value *outweighs* its prejudicial effect to the accused is the defendant's prior conviction admissible for impeachment purposes." *State v. Redmond*, 803 N.W.2d 112, 122 (Iowa 2011). Defense counsel assumed the convictions would be admissible although the trial court had not made a ruling on the matter.

In considering a claim of ineffective assistance of counsel, we may first consider whether a party has established prejudice. *State v. Pace*, 602 N.W.2d 764, 774 (Iowa 1999). "A defendant establishes prejudice by showing 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citations omitted).

Even if the prior convictions were determined not to be admissible, it is not entirely clear that Rankins would have decided to testify. During the criminal trial he stated he was ambivalent about whether to testify. At the postconviction hearing Rankins stated he was worried the jury would hear about his extramarital affairs, in addition to his prior felony convictions, and this was a factor in his decision not to testify. Even in a scenario where the prior convictions are determined to be inadmissible, the evidence of Rankins's extramarital affairs would have been admissible and present a reason why he might have decided not to testify. *See Ledezma v. State*, 626 N.W.2d 134, 147 (Iowa 2001) ("There may be numerous reasons to support the advice by counsel to a defendant not to testify.").

---

2011). There is no assertion in the present case that convictions for second-degree sexual abuse involve dishonesty or false statement. Rankins's prior convictions would be admissible, if at all, under rule 5.609(a)(1), which applies to felony crimes generally. *See Harrington*, 800 N.W.2d at 49.

Also, Rankins would need to show that if he had decided to testify the result of his criminal trial would have been different. His statements to officers on the night of the robbery that he had given a ride to someone he did not know were in the record through the testimony of the officers. According to defense counsel, however, Rankins informed him he wanted to "tell a completely different story than what he had told the police." Thus, Rankins could have been impeached by his prior inconsistent statements. *See State v. Nance*, 533 N.W.2d 557, 561 (Iowa 1995). When a defendant testifies, his credibility is placed in issue. *State v. Parker*, 747 N.W.2d 196, 205 (Iowa 2008).

We conclude Rankins has not shown he was prejudiced by counsel's advice not to testify at the criminal trial.

**B.** Rankins asserts he received ineffective assistance because his defense counsel did not meaningfully challenge the eyewitness identification testimony of Knutson and Pettijohn. He claims the identification by these witnesses was not reliable and defense counsel should have filed a motion to suppress the identification testimony.

A few hours after the incident, about 2:00 a.m., officers took Knutson and Pettijohn to where Rankins's vehicle had been stopped. Knutson identified the vehicle as the one he had seen in the bowling alley parking lot. At that time he stated he was seventy to eighty percent sure Rankins was the driver. Knutson identified Rankins in the courtroom, stating he was about fifty percent sure it was the same person. Pettijohn also identified the vehicle and identified Rankins as the driver at the scene. In the courtroom, Pettijohn again identified Rankins as the driver.

In general, the practice of single identification, not part of a lineup, has been condemned. *State v. Folkerts*, 703 N.W.2d 761, 763 (Iowa 2005). "When unnecessary suggestive pretrial out-of-court identification procedures conducive to mistaken identification that are incapable of repair are used, the Due Process Clause requires exclusion of the testimony of the identification." *Id.* We examine the totality of the circumstances to determine if a defendant's due process rights were violated by the identification procedure. *Id.* If, however, after looking at the totality of the circumstances the identification is found to be reliable, the identification testimony is admissible. *Id.*

A court must first determine whether an identification procedure was impermissibly suggestive. *State v. Webb*, 516 N.W.2d 824, 829 (Iowa 1994). If the procedure was impermissibly suggestive, the court then determines, under the totality of the circumstances, whether the identification was irreparably tainted. *Id.* The court considers (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the defendant, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. *Id.* at 830 (citing *Manson v. Brathwaite*, 432 U.S. 98, 115-16 (1977)). Where there is not a substantial likelihood of an irreparable misidentification, the issue of eyewitness identification is for the jury to determine. *State v. Mark*, 286 N.W.2d 396, 405 (Iowa 1979).

Here, both Knutson and Pettijohn were able to observe the driver of the car. Their attention had been drawn to the car prior to that time. The record does not specify the accuracy of these witnesses' prior description of the driver.

At the time they again observed Rankins after he had been stopped, Knutson was seventy to eighty percent certain, while Pettijohn affirmatively identified Rankins. From the time they observed the driver of the car to when they identified Rankins was a little over two hours. Based on all of these circumstances, we determine Rankins has not shown there was a substantial likelihood of irreparable misidentification. Even if there had been some element of untrustworthiness, the issue of identification was properly submitted to the jury. *See id.* ("Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.").

When, in the totality of the circumstances an identification is found to be reliable, the identification testimony is admissible. *Folkerts*, 703 N.W.2d at 763. Rankins has not shown he received ineffective assistance due to defense counsel's failure to file a motion to suppress the eyewitness identification by Knutson and Pettijohn.

**C.** Rankins asserts he received ineffective assistance due to defense counsel's stipulation the status of the criminal prosecution against Randy Cason would be inadmissible. The State had filed criminal charges against Cason on the theory he was the person who had robbed the Arby's restaurant and Rankins was the getaway driver. Prior to the trial in Rankins's case, the criminal charges against Cason were dismissed without prejudice. Rankins argues the jury should have been permitted to infer his innocence from the State's dismissal of the charges against Cason.

"Generally evidence of another's conviction or acquittal is inadmissible." *State v. Scott*, 619 N.W.2d 371, 374 (Iowa 2000). Rankins argues there is an

exception to this rule when the evidence against both defendants is identical, citing cases from other jurisdictions.[2]  Even if we assumed this exception was applicable in Iowa, Rankins has not shown the evidence against himself and Cason was identical.

Rankins was positively identified by two witnesses, and his vehicle was identified as well.  The gun used in the robbery was found in the trunk of Rankins's car.  The identification of Cason as the robber was much more problematic because the robber either wore a ski mask or a scarf over the lower part of his face so only his eyes were visible.  We conclude the dismissal of the criminal charges against Cason was irrelevant to the prosecution against Rankins.  Whether or not the robber was actually Cason, there was evidence Rankins drove the robber away from the scene.  Therefore, Rankins has not shown he received ineffective assistance due to defense counsel's stipulation that evidence of the Cason dismissal was inadmissible.

**D.**  Rankins claims he received ineffective assistance because defense counsel did not depose Cason or call him as a witness at the trial.  He asserts Cason would have testified he was not involved in the robbery, and this would have shown Rankins was also not involved in the robbery.

At the postconviction hearing, defense counsel testified he did not attempt to depose Cason or call him as a witness because he did not believe Cason

---

[2] Rankins cites *State v. Weaver*, 873 So. 2d 909, 916 n.2 (La. Ct. App. 2004), which in turn cites *People v. Negron*, 580 N.E.2d 1301, 1311 (Ill. App. Ct. 1991).  While *Weaver* notes *Negron* held that evidence another defendant had been acquitted was admissible when the evidence against both defendants was identical, *Weaver* itself held evidence another defendant was acquitted was irrelevant and therefore inadmissible.  873 So. 2d at 916.  Therefore, *Weaver* does not support Rankins's position.

would have been willing to make any statements regarding the case. Rankins submitted a deposition of Cason taken in 2011 in which he stated he would have been willing to testify at Rankins's trial. The district court found Cason's assertion to be "highly suspect," noting the criminal charges against him had been dismissed without prejudice and could have been reinstated at any time within the statute of limitations. The court concluded, "Cason would not have made himself available at trial, despite his claims today, because he would have subjected himself to being questioned under oath regarding his involvement in the robbery, which was not in his best interest." We agree with the court's conclusion.

We conclude Rankins has not shown he received ineffective assistance due to counsel's failure to depose Cason or call him as a witness during the criminal trial.

**E.** Rankins contends he is entitled to a new trial based on cumulative errors by his defense counsel. Because we have not found Rankins received ineffective assistance on any of the grounds argued in this appeal, we conclude he has not shown there was cumulative error in this case.

**IV. Pro Se Issues.**

**A.** The preliminary complaint against Rankins, filed on January 19, 2006, alleged he had committed first-degree robbery and was a felon in possession of a firearm. After a preliminary hearing, the charge of first-degree robbery was dismissed on January 30, 2006. The State then filed a trial information on February 15, 2006, alleging Rankins had committed robbery in the first degree and had been a felon in possession of a firearm. The district court subsequently

granted Rankins's motion to sever the charges. After he was convicted of first-degree robbery, the State dismissed the charge of possession of a firearm by a felon.

In a pro se brief, Rankins claims he received ineffective assistance because defense counsel did not object when the State reinstated the charge of first-degree robbery after it had been dismissed. He asserts the charge of first-degree robbery was reinstated due to vindictiveness by the prosecutor. In the postconviction ruling, the district court found, "Petitioner has submitted no evidence to support the contention that the robbery charge was re-filed as a result of 'prosecutorial vindictiveness.'" We agree with the court's conclusion Rankins has not shown he received ineffective assistance due to counsel's failure to challenge the trial information on the ground of prosecutorial vindictiveness.

**B.** Rankins claims he received ineffective assistance because defense counsel did not file a motion to suppress an amended trial information. Rankins asserts that after the charges against Cason were dismissed, defense counsel should have filed a motion to dismiss the charges against him.

In the direct appeal we stated:

> We find the earlier-described evidence sufficient to support Rankins's robbery conviction under the State's aiding and abetting theory. Based on this evidence, a reasonable juror could find another person committed the robbery and that Rankins actively participated in it by driving the car used to survey the restaurant before the robbery and used as the getaway car after the robbery. Contrary to Rankins's claim, the State's failure to prove the identity of the masked gunmen was not fatal to the State's case.

*Rankins*, 2007 WL 2712066, at *3.  Thus, we have already determined the fact the State did not prove Cason was the robber does not mean there was insufficient evidence to convict Rankins.  We conclude Rankins has not shown he received ineffective assistance due to counsel's failure to object to the amended trial information.

**C.**  Finally, Rankins claims he received ineffective assistance because defense counsel did not file a motion to suppress impermissibly suggestive identification testimony.  We have already addressed this claim and found Rankins failed to show he received ineffective assistance on this ground.

After considering all of the issues presented in this appeal, we affirm the decision of the district court denying Rankins's application for postconviction relief.

**AFFIRMED.**