# IN THE COURT OF APPEALS OF IOWA

No. 16-1068
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL TIERRE O'BRIEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

A defendant appeals his conviction challenging the district court's denial of his motion to suppress. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Scott, S.J.*  Blane, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Michael O'Brien was convicted of second-degree robbery following a bench trial. On appeal he challenges the district court's denial of his motion to suppress the victim's out-of-court identification, claiming the police used unnecessarily suggestive procedures in obtaining the identification. Because we conclude the district court correctly denied O'Brien's motion to suppress, we affirm his conviction.

## I. Background Facts and Proceedings.

Christopher Cortez was robbed by three men after giving them a ride in his car following a party he hosted in a motel room. He described the three attackers to police and informed the police his ATM card had been used at a gas station near where the robbery occurred. Four weeks after the incident, police obtained surveillance video from the gas station from the date and time the ATM card was used and showed Cortez a still photograph from the surveillance video containing three individuals. Cortez identified the individuals as the men who attacked him, but he only knew the name of one of the individuals. Officers sought the public's help in identifying the other men in the surveillance video, and the resulting tips led police to believe O'Brien was one of the men pictured. Officers then compiled a six-person photo array, including a picture of O'Brien. Cortez identified O'Brien's picture as one of the attackers.

After charges were brought, O'Brien filed a motion to suppress Cortez's identification of him. In the motion, O'Brien asserted showing Cortez the still photograph from the gas station surveillance camera was impermissibly suggestive and tainted Cortez's subsequent identification of him in the six-person

photo array. The district court conducted a hearing on the motion to suppress and denied the motion. O'Brien then agreed to waive his right to a jury trial and was convicted of second-degree robbery. After sentence was imposed, he appealed his conviction.

## II. Scope and Standard of Review.

Because unnecessarily suggestive identifications implicate the Due Process Clause, our review of O'Brien's claim is de novo. *See State v. Folkerts*, 703 N.W.2d 761, 763 (Iowa 2005).

## III. Suggestive Identification Analysis.

> When unnecessarily suggestive pretrial out-of-court identification procedures conducive to mistaken identification that are incapable of repair are used, the Due Process Clause requires exclusion of the testimony of the identification. The Supreme Court stated, however, that the totality of the circumstances must be examined to determine if a defendant's due process rights were violated as a result of the identification procedure.

*Id*. (citation omitted). It is the likelihood of misidentification that violates the Due Process Clause; therefore, if the totality of the circumstances reveals the identification was reliable, the identification testimony need not be excluded. *Id*. at 764. The two-part analysis to determine if the identification testimony is admissible includes determining (1) whether the identification procedure was impermissibly suggestive and, if so, (2) whether the identification made by the witness at trial was irreparably tainted under the totality of the circumstances. *Id*. The focus of the second step is whether the initial identification was reliable, and the court weighs five factors to make that determination:

> (1) the opportunity of the witness to view the perpetrator at the time of the crime;
> (2) the witness's degree of attention;

(3) the accuracy of the witness's prior description of the perpetrator;

(4) the level of certainty demonstrated by the witness at the confrontation;

(5) the length of time between the crime and confrontation.

*Id.* (citation omitted).

O'Brien claims showing Cortez the still photograph from the gas station surveillance video two weeks before showing Cortez the six-person photo array was unnecessarily suggestive. O'Brien admitted he was in the gas station using Cortez's ATM card and was at the party Cortez hosted at the motel, but he claimed he was not part of the robbery. Assuming without deciding that showing Cortez the still photograph of the individuals using his ATM card within minutes of the robbery was impermissibly suggestive as to the identity of the individuals who robbed him, we still conclude the district court correctly denied the motion to suppress because the initial identification was reliable under the totality of the circumstances.

Cortez had ample opportunity at the party in the hotel room to observe the individuals who would become his attackers; O'Brien was observed on the hotel security camera and admitted being at the party. In addition, Cortez had an opportunity to observe the passengers in his car as he drove them across town. Cortez described his attackers for police, including their skin tone, height, build, hairstyle, clothing, and location in the car weeks before being shown the still photograph from the gas station surveillance video. That description matched the individuals observed in the video, and those individuals can be observed on the video running into the gas station within minutes of the robbery and using Cortez's ATM card. Cortez was certain of his identification both when he was

shown the still photograph from the surveillance video and when he was shown the six-person photo array two weeks later. Finally, the still photograph was shown to Cortez four weeks after the crime, and the six-person photo array was presented to Cortez two weeks later.

Considering the totality of the circumstances, we agree with the district court that the identification was reliable. Because O'Brien did not prove there was "a very substantial likelihood of irreparable misidentification," he cannot prove his due process rights were violated, and the district court properly denied his motion to suppress. *See State v. Webb*, 516 N.W.2d 824, 829 (Iowa 1994). We affirm O'Brien's conviction and sentence.

**AFFIRMED.**