# IN THE COURT OF APPEALS OF IOWA

No. 23-1818
Filed March 19, 2025

**ARIES NZGOI MCGEE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Webster County, Adria Kester, Judge.

    An applicant appeals the denial of postconviction relief. **AFFIRMED.**

    Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant.

    Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee State.

    Considered by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Aries McGee appeals from the denial of postconviction relief. He claims his trial lawyer was ineffective for allegedly failing to convey a plea offer, advising him not to attend depositions for strategic reasons, and using the terms "fired" and "felony stop" in closing argument. Finding McGee has not proven breach of an essential duty or prejudice and deferring to the credibility findings of the postconviction court, we affirm.

**Background Facts and Proceedings.** A masked man robbed a Fort Dodge convenience store at gunpoint. A jury found McGee was the robber and convicted him of first-degree robbery. We affirmed his conviction on direct appeal and provided a summary of facts we decline to repeat here. *See State v. McGee*, No. 21-0794, 2022 WL 1232631, at *1–2 (Iowa Ct. App. Apr. 27, 2022). McGee applied for postconviction relief alleging ineffective assistance of counsel, and the district court denied relief following a contested trial. He appeals, and we review de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below objectively reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Id.* at 687–88, 694. Particular to advice regarding a plea offer, an applicant must prove he would have accepted the offer, that the court would have accepted the plea,

and that the resulting judgment would have been less severe than he received after trial. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

**Plea Offer.** According to McGee's postconviction testimony (and his mother's), trial counsel did not inform him of various plea offers. But trial counsel testified he relayed plea offers on multiple occasions and discussed the "positives and negatives" of trial versus pleading guilty. Trial counsel was confident in his recollection: he testified that, if McGee said he didn't receive plea offers before trial, "He's—he's lying. He's not being truthful about that." In resolving the conflicting evidence, the postconviction court made an explicit credibility finding that trial counsel was "credible" and McGee was "not credible." We give weight to that credibility finding and affirm. *See Sothman*, 967 N.W.2d at 522.

**Depositions.** McGee also contends counsel was ineffective for advising him to waive his personal presence at pretrial depositions. Trial counsel testified he did not specifically advise McGee to not attend depositions but rather told him that the fighting issue in the case was identity and depositions would provide an opportunity for prosecution witnesses to confirm he was the robber before trial. We conclude this was reasonable strategic advice. *See* 4A B. John Burns, *Iowa Practice Series: Criminal Procedure* § 9:2 (2024 ed.) ("Although depositions are available to the defense in the trial of every indictable criminal charge, the question of whether they are advisable in a particular case is a strategic one for counsel."); *see generally State v. Folkerts*, 703 N.W.2d 761, 765–66 (Iowa 2005) (on issues of identity and defendants' presence in criminal depositions). And counsel testified that it was ultimately McGee's decision whether to attend depositions, and he

chose not to. Nothing in McGee's testimony conflicted with trial counsel's recollection on this issue. He has not proven breach of essential duty or prejudice.

**"Fired" and "Felony Stop."** Last, McGee claims counsel was ineffective for referring to how he was "fired" from the same convenience store that was robbed and how police conducted a "felony stop" when detaining him. Trial counsel testified he did not move in limine to exclude or otherwise reference McGee being "fired" because trial counsel "d[id]n't think it was really a major issue" to refer to the loss of employment that way. We agree. This was brief background noise in a lengthy trial, and counsel referring to McGee being "let go" or another euphemism instead of "fired" did not engender the reasonable probability of a different outcome. As for the "felony stop" reference, trial counsel explained that he discussed the strategic choice in using that language with McGee, and he used that language to explain why McGee was afraid of the officers (who removed him from his car at gunpoint) and later lied to them. McGee generally recalled the discussion similarly. We find this was a reasonable strategic choice to minimize or explain McGee's false statements, and we decline to second-guess trial tactics from the comfort of postconviction appellate briefing. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("We do not delve into trial tactics and strategy when they do not clearly appear to have been misguided." (cleaned up)).

**Unpreserved Claim(s).** McGee references some other claims in his brief, including that trial counsel elicited evidence McGee had text-messaged women other than his girlfriend. McGee did not obtain a ruling on this claim, and it is not before us for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

**AFFIRMED.**